In the Matter of the Accounting of ROCHESTER TRUST AND SAFE DEPOSIT COMPANY, as Executor of HARRY MERRITT, Deceased.

Surrogate's Court, Monroe County, October 22, 1946.

*Harvey F. Remington* for North Bradley Baptist Church, petitioner.

*Glenn L. Buck* for Rochester Trust and Safe Deposit Company, now known as Lincoln-Rochester Trust Company, executor.

*Harry Z. Harris* and *Joseph W. Martin* for contestants.

WITMER, S.   The North Bradley Baptist Church of the County of Wiltshire, England, as residuary legatee under the will of Harry Merritt, deceased, served on the attorney for the executor and the attorneys for the contestants herein a demand for admission of facts under section 322 of the Civil Practice Act.   The

contestants, within eight days thereafter, verified and served answers to said demand, denying knowledge of the facts referred to in the demand. Upon the adjourned date the attorneys for the parties appeared, the attorney for the executor joined in the prayer of the petitioner, and both he and the petitioner asked the court to hold that the statements contained in the demand for admission of facts be deemed admitted on the grounds that the verified answers to said demand (1) do not constitute sworn statements, and (2) do not comply with the statutory requirement of showing the reasons why the demand cannot be admitted or denied.

I hold that the answers are sufficient at this time, within section 322 of the Civil Practice Act, to save the contestants from an admission of the facts in question.

The section refers to " a sworn statement " on the part of the contestants, but does not state explicitly the form of the oath to be used. Counsel for the executor and petitioner have cited no legal authorities which support their position in this respect. I believe that a verified statement as contained in the answers herein constitutes a sworn statement within the meaning of section 322 of the Civil Practice Act.

Webster's New International Dictionary (2d ed.) defines the word " swear " in part as follows: " 4. *Law*. To take oath (which see) ; to give evidence or state on oath or legal equivalent (as, on affirmation) ; as, to *swear* to a fact, against a party." The same work defines " verification " in part as follows: " c In code pleading, an oath to the truth of a pleading "; and defines " verify " in part as follows: " *Law*, to confirm or substantiate by oath or proof; to add the verification to (a pleading or petition)." Said work defines " oath " in part as follows: " A solemn appeal to God, * * * the affirmation or promise, or the like, supported by the oath, or the form of expression in which it is made. In law, *judicial oaths* are those duly made as a a part of judicial proceedings, and a willfully false statement made in violation of such an oath is perjury * * *."

Black's Law Dictionary (2d ed.) defines " verify " in part as follows: " To confirm or substantiate by oath; to show to be true. Particularly used of making formal oath to accounts, petitions, pleadings and other papers."

The answers in this proceeding come within this classification. A sworn statement is one under oath; and a verified pleading, being a statement under oath, constitutes a sworn statement. In *Matter of Passero & Sons, Inc.* (237 App. Div. 638, 639) Presiding Justice SEARS said for the court: " Verification as used

in the statute includes both the actual swearing to the truth of the statements by the subscriber and also the certification thereto by the notary or other officer authorized by law to administer oaths. (*Rogers* v. *Pell,* 154 N. Y. 518; *Ponsrok* v. *City of Yonkers, supra;* Rules Civ. Prac. rules 99 and 100.)   (See *Sprickerhoff* v. *Gordon,* 120 App. Div. 748; affd., 194 N. Y. 577.) ''

The avowed purpose of the petitioner and executor in this proceeding is to save expense to the estate in proving the continued existence of petitioner through the wartime period and the feasibility of its accepting the legacy provided for it in the will, in the light of *Saltsman* v. *Greene* (256 N. Y. 636) and *Teele* v. *Bishop of Derry et al.* (168 Mass. 341).  If the statements contained in the demand are true, it would seem that petitioner should be successful under those decisions. Accordingly, the effect, if not the purpose, of this application is to shift completely the burden of proof of the issues herein from the petitioner and executor to the contestants.  The desire to save expense is commendable, and in keeping with the purpose of section 322 of the Civil Practice Act.  Subdivision 1 of section 322 of the Civil Practice Act provides in part: '' *   *   * a party may serve upon any other party a written request for admission by the latter of the genuineness of any relevant papers or documents, or the correctness or fairness of representation of any relevant photographs, described in and exhibited with the request, or of the truth of any relevant matters of fact set forth in the request, as to which the party requesting the admission reasonably believes there can be no substantial dispute at the trial *and which are within the knowledge of such other party or can be ascertained by him upon reasonable inquiry.*''  (Italics mine.)   The section is not designed to shift the burden of proof.  It is particularly applicable in relation to transactions previously had between the litigants; and may embrace any matters '' which are within the knowledge of such other party or can be ascertained by him upon reasonable inquiry.''  Its purpose is to save time and expense in litigation by eliminating the necessity for proof of matters within the knowledge of the other party and which cannot properly be denied. Where, however, the facts are not within the knowledge of the other party upon whom demand is made for admission, or are not such that he can ascertain them upon reasonable inquiry, the section expressly provides that he may deny knowledge thereof.   In the face of such a denial the petitioner cannot properly ask the court to declare the facts stated in the demand to be admitted.  (*Solof* v. *City of New York,* 181 Misc. 956.)   If

the petitioner were to make a showing that the denial of such knowledge is false and a sham, a different question would be presented.

The section provides that in the event of a denial of knowledge, the petitioner may proceed to prove such facts; and if he also shows that the contestants actually had knowledge thereof when they interposed their denial, upon a proper application the court will require the contestants to reimburse the petitioner for the expense of making such proof. That is the manner in which the petitioner should proceed. However, this decision is made without prejudice to the right of the petitioner and executor to introduce conclusive proof forthwith that the contestants have full knowledge of the facts contained in the demand and that the denial of knowledge is false and a sham (see Rules Civ. Prac., rules 103, 104), as a basis for the court's further consideration of the present application; but the likelihood of success of such an effort herein is doubted.

Submit decree accordingly.