In the Matter of the Construction of the Will of CARRIE T. STEVENS, Deceased.

Surrogate's Court, Monroe County, February 10, 1949.

*Hamlet A. Smyth* and *Samuel Levy* for Doris M. Kuntor, petitioner.

*Kenneth Lussier* and *Merwin Morehouse* for Stella Sheridan, individually and as executrix of Carrie T. Stevens, deceased, respondent.

WITMER, S.  In the course of the proceeding for the construction of the will of testatrix herein in the light of an agreement entered into between testatrix and her husband, who predeceased her, and the New York Foundling Hospital (see *Matter of Stevens*, 192 Misc. 179, affd. 274 App. Div. 1024), petitioner served a demand, containing nine requests, upon respondent for admission of certain facts under section 322 of the Civil Practice Act.  Testatrix died on June 17, 1947.  The probate proceedings were instituted by this respondent in July, 1947.  This petitioner appeared therein and consented to the probate of the will, but asked that the issuance of letters testamentary be

withheld pending a construction of the will, which was then requested. The demand for admission of facts was served thereafter. Respondent answered the demand generally, first, attacking its technical compliance with the statute for failure to allege (1) that there was no substantial dispute as to the matters demanded to be admitted, (2) that such matters were within the knowledge of respondent, and (3) that they could not be ascertained by petitioner upon reasonable inquiry; and second, denying that the matters and facts requested were known to her. Upon the trial petitioner proved the matters, the admission of which was demanded of respondent. She now seeks to charge respondent with the expense to which she was put in their proof.

The technical objections to the demand raised by respondent are without merit. Although the demand might well contain the statements that there can be no substantial dispute as to the facts the admission of which is demanded, and that they are within respondent's knowledge or can be ascertained by respondent upon reasonable inquiry, in the absence of such statements the same are read into the demand. The statute itself affords ample protection for respondent in the event that it is not a proper case for the demand. (*Langan* v. *First Trust & Deposit Co.*, 270 App. Div. 700, 706, affd. 296 N. Y. 1014.) Moreover, whether or not petitioner could ascertain the facts upon reasonable inquiry, was immaterial with respect to the validity of the demand. If respondent knew the demanded facts to be true beyond reasonable dispute, or could have ascertained them to be true upon reasonable inquiry, petitioner was entitled to their admission or to charge respondent with the expense of proving such facts in court, but not otherwise. (Civ. Prac. Act, § 322.)

On the other hand petitioner had the burden of proving facts about which there was reasonable dispute and facts the admission of which was demanded but the truth of which respondent could not ascertain upon reasonable inquiry and without substantial effort or expense on her part. Petitioner could not shift the burden of proving her case to the respondent. (*Matter of Merritt*, 187 Misc. 869.) In determining respondent's liability herein, if any, each of the nine requests contained in the demand must be examined in this light.

Request No. 1: That the indenture agreement of 1912 relied upon by petitioner was the original agreement and a genuine document. Petitioner has not shown that respondent knew this;

and has affirmatively shown that respondent could get no information on the subject from the New York Foundling Hospital without the written consent of petitioner. Respondent is not chargeable with any part of the expense of proving this item.

Request No. 2: That the photostatic copy of the indenture attached to the petition was a true copy of the original. This is immaterial.

Request No. 3: That the original indenture was executed in a certain manner. The expense of proving some of the facts contained in this request is not chargeable to respondent for the reason assigned in disposing of '' Request No. 1 '' above. The statement that the indenture was signed '' by said John C. Stevens in the presence of Sister M. Cyrilla '' was shown not to be true.

Respondent could have talked with Louis J. Bohrer who witnessed the signature of testatrix on the indenture, since he still lived in the neighborhood, and could have learned from him his version of the execution of said document. We assume that respondent, upon reasonable inquiry, could have located Mr. Bohrer and learned his story. Nevertheless, in view of the inability of respondent to learn all of the facts in connection with the execution of the indenture, and the issue with respect thereto, respondent was not required to accept as true Mr. Bohrer's unsupported oral statement, and was not bound to admit this request. (See *Solof* v. *City of New York*, 181 Misc. 956; Civ. Prac. Act, § 322.)

The genuineness of testatrix' signature, however, was a fact which respondent was bound to admit. The statute required her to admit the portions of the demand which she could not properly deny after reasonable inquiry. (Civ. Prac. Act, § 322, subd. 1.) She is chargeable with the reasonable expense incurred by petitioner in proving this item.

Request No. 4: That the Maria Martin named in the petition is the petitioner. For the reason assigned in disposing of '' Request No. 1 '' above, respondent is not chargeable with the expense of proving this fact.

Request No. 5: That petitioner, from the date she arrived at the home of testatrix in 1912 until she became eighteen years of age, lived with testatrix and her husband and performed all of the acts required of her by said indenture agreement. Although petitioner proved the facts contained in this request, as well as those contained in all of the other requests for admission in said demand, she has not proved that respondent knew

the truth of the facts contained in this request or could have ascertained the truth thereof upon reasonable inquiry without substantial effort or expense. The only evidence of respondent's association with testatrix or petitioner during the period in question is found at pages 143, 161–162 and 202 of the minutes of the original trial. That evidence shows that respondent sponsored petitioner at her confirmation and that respondent's son was best man at petitioner's wedding. For aught that appears, at all other times respondent may have been in China and wholly unacquainted with the facts referred to in the demand.

Subdivision 3 of section 322 of the Civil Practice Act provides in part as follows: " If a party, after being served with a request under subdivision one of this section to admit  *  *  * the truth of any matters of fact, serves a sworn denial thereof *  *  *, and if the party requesting the admission thereafter proves  *  *  * the truth of any such matter of fact, he may apply to the court at or immediately following the trial for an order requiring the other party to pay him the reasonable expenses incurred in making such proof, including reasonable attorney's fees. *Unless the court finds that there were good reasons for the denial or the refusal otherwise to admit* or that the admissions sought were of no substantial importance, *the order shall be made  *  *  *.*" (Emphasis added.) In view of this provision of the statute respondent had the burden, upon this application, to show that she was not in possession of the facts the admission of which was requested and could not ascertain them upon reasonable inquiry. Since respondent has failed to introduce proof upon this matter, she is chargeable with petitioner's reasonable expense of proving these facts. There seems to be no other reasonable interpretation of the statute. This interpretation is in keeping with the legislative intent, and tends to make the section more effective to accomplish the desired objectives. (See *Langan* v. *First Trust & Deposit Co.*, 270 App. Div. 700, 703–707, affd. 296 N. Y. 1014, *supra*.) It is not an undue burden to place upon a respondent, after petitioner has proved the truth of such facts. Moreover, that is a matter for the Legislature to decide; and its determination is found in the language of the statute.

Request No. 6: That petitioner was not returned to the New York Foundling Hospital before or at the time when she attained eighteen years of age. For the reason assigned in disposing of " Request No. 1 " above, respondent is not charge-

able with the expense incurred by petitioner in taking the deposition before trial in the city of New York upon this question. For the reason assigned in disposing of "Request No. 5" above, respondent is chargeable with the expense incurred by petitioner in presenting proof through local witnesses upon this matter.

Request No. 7: That the original indenture agreement was not cancelled. For the reason assigned in disposing of "Request No. 1" above, respondent is not chargeable with the expense of proving this fact.

Request No. 8: That petitioner was not legally adopted by testatrix and her husband. Petitioner has not established that respondent knew this to be the fact. This is a negative proposition, and obviously is a matter which might require considerable investigation. Respondent is not chargeable with the burden of ascertaining the truth thereof, nor with the expense incurred by petitioner in proving it.

Request No. 9: That testatrix and her husband were permitted to keep petitioner and did keep her until after she attained eighteen years of age, and that they elected to keep her as their own natural child. Respondent's objection, that to admit this fact would be to admit the lawsuit, is not well taken. The legality and effect of the indenture still remained for determination, and they were the only substantial issues in the case. For the reason assigned in disposing of "Request No. 5" above, respondent is chargeable with petitioner's reasonable expense of proving this item.

The expense to which petitioner was put in proving the facts contained in the request for admission, for which respondent is chargeable as above determined, consists of attorneys' fees for investigation in Rochester, for trial preparation and for trial of the case and a few disbursements. Respondent is chargeable only with the additional expense incurred by petitioner by reason of respondent's failure to admit said facts. In view of all of the evidence upon the subject such additional expense is fixed in the sum of $530, which respondent is directed to pay to petitioner herein. In the event that petitioner has not collected such sum in full by the time of the judicial settlement of the accounts of respondent as executrix of testatrix' will herein, any commissions to which respondent may be entitled as executrix may be applied, wholly or as far as necessary, to the payment of the expense hereby charged to her.

Submit decree accordingly.