In the Matter of the Accounting of LILLIAN F. KAUFMAN, as Administratrix C. T. A. of FRANK C. REDFERN, Deceased.

Surrogate's Court, Monroe County, November 26, 1951.

*Darrow A. Dutcher* for administratrix c. t. a., petitioner.

*Walter S. Forsyth* for Walter Redfern and others, respondents.

WITMER, S. In this judicial settlement proceeding respondents, upon the verified petition of their attorney in their behalf, secured an order requiring petitioner and one of her attorneys to show cause why they should not be examined concerning petitioner's account and acts as administratrix with the will annexed. No objections to the account have as yet been filed. Upon the return of the order to show cause petitioner asked for dismissal thereof upon the ground that the petition supporting it was signed and verified by respondents' attorney instead of by them or one of them personally. It is admitted that they both live in Monroe County, and so this is not a situation wherein an attorney may verify a petition in behalf of his nonresident client in originating a proceeding. (*Matter of Ray,* 150 Misc. 728.)

Respondents correctly contend that this is not an original proceeding, but is merely a motion within the pending judicial settlement proceeding; and hence the instrument supporting the show cause order need not be executed as a petition. (*Matter of Jetter,* 78 N. Y. 601, 605; *Matter of Smith,* 65 Misc. 417; 1 Jessup-Redfield, Surrogates Law & Practice, §§ 194, 218–220; 1 Warren's Heaton on Surrogates' Courts, § 95.) No more than a simple affidavit was needed to support the instant order to show cause. Although the supporting document used was in the form of a petition, it was duly verified, and hence constitutes an affidavit. (*Matter of Passero & Sons,* 237 App. Div. 638, 639; *Matter of Merritt,* 187 Misc. 869, 871.)

Such affidavit does not clearly state the statute or theory under which the application is made. Petitioner urges that since request is made to examine one of her attorneys as well as herself, it must be an application for an examination before trial. Respondents state that they are asking to examine petitioner as the accounting fiduciary under section 263 of the Surrogate's Court Act; and that the request to examine her attorney was made in anticipation that upon the examination petitioner will assert that she is unfamiliar with some of the affairs as to which she is accounting, and that such affairs are within the knowledge of her said attorney.

Since no objection to the account has been filed, there is no issue as yet. Ordinarily, examinations before trial are not had until issue is joined. On the other hand "The preliminary examination under section 263 consist[s] merely of an investigation of the conduct of a fiduciary for the purposes of ascertaining the existence of merits upon which objections [may] be based." (*Matter of Van Volkenburgh,* 254 N. Y. 139, 143.) The language of the second sentence of section 263 of the Surrogate's Court Act is clear, and in effect provides that any party, either before or after filing objections to an account, may examine a fiduciary concerning his administration of the estate. (4 Butler, New York Surrogate Law and Practice, §§ 2778, 2782.) The present application, therefore, is deemed to be made under section 263 of the Surrogate's Court Act.

The practice is to grant such examinations with great liberality. The fiduciary presumably has full knowledge of his administration of the affairs of the deceased, whereas in the nature of things the beneficiaries are ignorant thereof. The beneficiaries are entitled to be satisfied that the administration of such affairs has been correctly handled in all respects. Full examinations under section 263 of the Surrogate's Court Act tend to reduce and simplify the issues raised in accounting proceedings, and to expedite the trial thereof.

A fiduciary owes the duty of absolute loyalty to and impartiality as between all the beneficiaries (*Matter of James,* 86 N. Y. S. 2d 78, 89; *Matter of Heinrich,* 195 Misc. 803, 809; *Matter of Stevens,* 92 N. Y. S. 2d 226, 232). Whenever a charge is made that a fiduciary has concealed facts from a beneficiary, and has been motivated by self interest, the court is particularly impelled to extreme liberality in granting examinations under section 263 of the Surrogate's Court Act. Naturally, this is not to say that the court concurs in such charge, but policy requires that full opportunity for examination be had.

The application of the respondents to examine petitioner under section 263 of the Surrogate's Court Act as to her fiduciary acts herein is granted, the time therefor to be fixed in the order to be entered hereon. The application to examine one of petitioner's attorneys is denied, without prejudice to renewal thereof should later circumstances warrant it.

Submit order accordingly.