Tony Man cuso, J.
This is a motion by plaintiff for relief under CPLR 3128 (subd. [c]), seeking payment of certain expenses and attorney’s fees incurred in connection with the testimony of the witness, Clara Jean Rogers, At the trial, the plaintiff received a verdict.
A notice to admit was served by mail on January 3,1966 upon defendant’s attorneys. On January 21,1966, attorney James E. Wilber, who tried the case for the defendant, advised attorney Donald P. McCarthy, who tried the case for the plaintiff, that defendant did not know the actual facts which were the subject of a notice to admit. As a result thereof,- plaintiff claims he caused the witness, Clara Jean Rogers, a resident of Fort Scott, Kansas, to attend the trial at Syracuse, New York, which took place on January 26, 27 and 28, 1966. The actual written response of defendant to the notice to admit was made on January 26, 1966, after the jury was drawn. The demand was *59 a request for admission of the truth of the following: * ‘ 3, that Charles Coyne was an occupant of the said Albert Marquart’s automobile when said automobile was involved in an accident on February 13, 1965. li 4, that Charles Coyne died as a result of injuries received in said accident. ’5
The response of defendant to these two inquiries was as follows: “ Defendant cannot respond to this demand inasmuch as defendant can have no direct knowledge of this item, and this is a matter of proof by the plaintiff at the trial.”
The defendant resists the application for relief herein on several grounds:
First, that the notice to admit must be served “ not later than twenty days before the trial,” and therefore is not timely. I hold that when defendant’s attorney advised plaintiff’s attorney on January 21, 1966, that defendant could not admit the above-mentioned request, this constituted a waiver of the 20 days. Candor between attorneys is laudable and requires such a construction (CPLR 104). (See, also, Tappis v. National Van Lines, 43 Misc 2d 157.)
The second ground for defendant’s claim that the relief should be denied herein is that the response as submitted was not a denial and consequently was an admission or at least a nullity, citing Weinstein-Korn-Miller, New York Civil Practice (vol. 3, par. 3123.11) and First Preliminary Report of the Advisory Committee on Practice and Procedure (p. 157 [1957]). This argument is rejected. Under our new enlightened practice in order to shorten trials, admissions and disclosure are favored and encouraged. Where a simple request or demand is made, the response should be a simple ‘ ‘ admit or deny. ’ ’ This has been the history of the comparable provisions in the Federal Rules of Civil Procedure. See rules 36 and 37 of the Federal Rules of Civil Procedure.
Here plaintiff sued the defendant on a policy of automoblie insurance under the medical payments provision. The son of plaintiff met his death in a one-car automobile accident on a public highway in the Town of Cherokee, Crawford County, Kansas, The defendant insured said automobile and at the time of the accident the only occupants in the car were the witness, Clara Jean Rogers, and plaintiff’s son, the driver. Plaintiff’s request was a simple and proper one, that defendant, obviously in possession of an insurance investigation concerning the accident, admit that the plaintiff’s son was an occupant of said vehicle involved in the accident and which caused his death. Certainly these facts were known to be true by defendant and beyond dispute or they could have been *60 ascertained to be true on reasonable inquiry. The plaintiff was entitled to an admission or to charge the party on whom the demand was made with the expense of proving such facts at trial. (See Matter of Stevens, 194 Misc. 166, app. dsmd. 92 N. Y. S. 2d 133; Langan v. First Trust & Deposit Co., 270 App. Div. 700, affd. 296 N. Y. 1014 and Dukas v. Tolmach, 2 A D 2d 57. See, also, Syracuse Broadcasting Corp. v. Newhouse, 271 F. 2d 910 [C. A. N. Y., 1959] as well as Puhr v. Newfoundland St. Lawrence Shipping, Ltd., 24 F. R. D. 9 and Benton v. McCarthy, 23 F. R. D. 235 [Dist. Ct. N. Y., 1959].)
At the trial, I recall, and after examining the testimony of Clara Jean Bogers, it is clear that she was the single most important witness presented by plaintiff on the question of whether or not the decedent operated the vehicle with the consent, permission and authority of the owner.
It is my opinion that the witness Bogers ’ testimony, that she saw decedent driving the vehicle in question at least 10 or 12 times before the accident, was significant and carried the day for the plaintiff in obtaining a verdict, particularly where the only question litigated at the trial was whether or not the decedent was driving the automobile with the consent of the assured. For this reason only, the motion, which would otherwise be granted herein, is denied without costs.