BANCA NAZIONALE DI CREDITO, as Liquidating Agent of BANCA ITALIANA DI SCONTO, Appellant, *v.* THE EQUITABLE TRUST COMPANY OF NEW YORK, Respondent.

First Department, November 4, 1927.

**Pleadings — admission of facts — plaintiff made demand under Civil Practice Act, § 323, that defendant admit certain facts — court had no jurisdiction to entertain motion by defendant to set aside written demand.**

A motion to set aside a written demand made by the plaintiff under section 323 of the Civil Practice Act that the defendant admit certain facts cannot be entertained by the court, for the sole remedy of the defendant is given by section 323 of the Civil Practice Act which states, in effect, that at the trial the court or judge may certify that any refusal on the part of the defendant to admit the facts demanded was reasonable, and that the defendant be absolved from the payment of costs and expenses provided for in that section.

APPEAL by the plaintiff, Banca Nazionale Di Credito, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 7th day of February, 1927, granting defendant's motion for an order to strike out a demand for admission of facts under section 323 of the Civil Practice Act upon the ground that the demand was not authorized by that section, that it is unreasonable, and that the matters therein referred to are not within the defendant's knowledge.

*Elkan Turk* of counsel [*Benjamin Wiener* with him on the brief; *Herman Goldman,* attorney], for the appellant.

*William Dean Embree* of counsel [*A. Donald MacKinnon* with him on the brief; *Murray, Aldrich & Roberts,* attorneys], for the respondent.

MERRELL, J. Section 323 of the Civil Practice Act (as amd. by Laws of 1926, chap. 679) provides that any party, by notice in writing, given not later than ten days before trial, may call on any other party to admit, for the purposes of the cause, matter or

issue only, any specific fact or facts mentioned in such notice. In case of refusal or neglect to admit the same within six days after service of such notice, or within such further time as may be allowed by the court or a judge, the expenses incurred in proving such fact or facts must be ascertained at the trial and paid by the party so neglecting or refusing, whatever the result of the cause, matter or issue may be, unless at the trial or hearing the court or a judge certify that the refusal to admit was reasonable, or unless the court or a judge, at any time, shall order or direct otherwise. The section further provides that the court or a judge, at any time, may permit any party to amend or withdraw any admission so made on such terms as may be just.

The action is brought by the plaintiff as liquidating agent for another Italian banking institution. In the complaint it is alleged that before the commencement of the action the plaintiff became vested with all the rights of the last-mentioned banking institution, including the cause of action set forth in the amended complaint; that prior to the liquidation of said bank and in Constantinople, Turkey, the Mount Royal Steamship Company, Ltd., drew a draft on the Mount Royal Steamship Company, Ltd., of New York against Dilsizian Brothers and that the latter for a valuable consideration indorsed and delivered to the bank the draft so drawn; that attached to this draft were two bills of lading representing shipments on the steamship *Belchers*, together with invoice and consular invoice for the merchandise making up such shipments; that the bank thereupon indorsed the draft and forwarded it to defendant for collection with the bills of lading and invoice and consular invoice attached; that the defendant thereupon agreed to present the draft for acceptance and collect the same, and did thereupon present the draft to the Mount Royal Steamship Company, Ltd., at New York, the drawee; that the drawee thereupon accepted the draft and that the defendant, against such acceptance and in consideration therefor, delivered to said Mount Royal Steamship Company, Ltd., the bills of lading and invoices which had been attached to the draft; that the Mount Royal Steamship Company, Ltd., on the due date of the draft paid its amount to the defendant and the defendant refused to pay over the amount so collected to the plaintiff.

The answer denies most of the allegations of the complaint and sets forth certain affirmative defenses.

The plaintiff served upon the defendant a notice under section 323 of the Civil Practice Act demanding that the defendant admit certain facts relating to the corporate organization of the Italian bank and the plaintiff and the succession of the plaintiff to the

rights of said bank through certain liquidation proceedings, and also as to the genuineness of a written document in the defendant's possession, and the actual expenses of the transactions represented thereby, and other evidentiary matters.

The defendant then moved the court at Special Term to set aside said written demand, and the defendant's motion was granted by the order appealed from.  The section in question does not authorize such a motion as was made by the defendant, and the court below was without power to make the order vacating the same.  All that the court or a judge can do under the statute is to extend the time within which such an admission may be made or refused, and at the trial the court or a judge may certify that any refusal on the part of the defendant to admit the facts demanded was reasonable and thereby the defendant may be absolved from payment of the costs and expenses necessary to prove the facts specified in the demand.  The section also gives the court or a judge power to allow a party to amend or withdraw any admission upon terms.

The defendant, respondent, relies upon the case of *Koppel Industrial C. & E. Co.* v. *Portalis & Co.* (118 Misc. 670) as authority for such motion.  It is true that in that case, which arose soon after the enactment of the Civil Practice Act, the Special Term held that such a motion might be made.  No appeal was taken from the order in that case, and we are not bound thereby.  We think the *Koppel* case was erroneously decided.  The provisions of section 323 of the Civil Practice Act are derived from and are substantially identical to the English practice rules (English Rules of Supreme Court, 1883, order 32, rule 4), and the English courts have held that a motion to vacate a demand once served was not in order.  (*Crawford* v. *Chorley*, [1883] Wkly. Notes, 198.)

The provisions of the section fully protect the defendant.  If the facts demanded are peculiarly within the defendant's knowledge, the demand of the plaintiff should be complied with and answers given thereto, that the trial of the issues may be shortened.  If the defendant is not in a position to answer or for any sufficient reason is unable to comply with such demand, then the same may be ignored and the defendant's rights protected by the trial court holding that the refusal to answer was reasonable.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the defendant's motion denied, with ten dollars costs.

DOWLING, P. J., FINCH, McAVOY and MARTIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.