GEORGE RUSNAK, Appellant, *v.* ANNA R. DOBY, Defendant, and STEPHEN RUSNAK, Defendant-Respondent.

Second Department, November 22, 1943.

*Arthur Hutter* and *Irving Schneider* for appellant.

*Francis J. Duffy* for respondent.

*Per Curiam.* Prior to the trial and on October 15, 1941, the plaintiff, pursuant to section 322 of the Civil Practice Act, served a demand for admissions which included all the material allegations of the complaint. This demand was ignored by counsel for the respondent. It is clear from the concessions of counsel and from the form of the demand that it was not realized that sections 322 and 323 of the Civil Practice Act had been repealed, and that a new section 322 had been enacted in place thereof, effective as of September 1, 1941, and, moreover, that the penalty now provided in section 322 for failure to answer such a demand is that the facts are deemed to be admitted, whereas previously the only risk taken by the party upon whom the demand was served was that he might be called upon to pay the expenses incurred in proving those facts. At the trial counsel for the plaintiff proved the demand and the failure to comply therewith and rested. Both parties moved for judgment.

Section 322 of the Civil Practice Act, as amended, was derived in part from rules 36, and 37, subdivision (c), of the Federal Rules of Civil Procedure. The purpose of this enactment was to employ a " more effective sanction " and generally to strengthen the procedure for obtaining admissions. (Seventh Annual Report and Studies of The Judicial Council, 1941, p. 46.)

Section 322 now provides that unless the party served with the demand shall, within the period designated in the demand, in a sworn statement, deny the facts or give a qualified statement setting forth the reasons why he is unable or refuses to comply with the demand, or give an answer which he believes to be suitable, the facts are deemed to be admitted. The party served with such a demand may not ignore it unless he wishes to have the facts deemed to be admitted. (*Adventures in Good Eating* v. *Best Places to Eat,* 131 F. 2d 809; *Smyth* v. *Kaufman,* 114 F. 2d 40; *Nekrasoff* v. *U. S. Rubber Co.,* 27 F. Supp. 953.) The trial court may thereafter judge the reasonableness of the qualified statement or of the denial and if the failure to admit be unreasonable, the trial court may then, upon motion, assess the reasonable expenses incurred in making the proof. The trial court, however, does not have the power to excuse a total failure to comply with the demand, particularly since the section specifically reserves the right to object at the trial to the admissibility of the facts admitted.

Because this case arises on a demand made so soon after the effective date of the amendment, and at a time when the members of the Bar were not familiar with such amendment,

this court, in the interest of justice, will reopen the case, and an opportunity will be given to the respondent to comply with the demand in a form called for by the provisions of section 322.

The judgment should be reversed on the law, without costs, and a new trial granted. The respondent should be allowed ten days from the date of service upon him of a copy of the order of this court within which to comply with the demand.

Close, P. J., Hagarty, Taylor and Lewis, JJ., concur in *Per Curiam* opinion; Adel, J., concurs in result.

Judgment reversed on the law, without costs, and a new trial granted. The respondent is allowed ten days from the date of service upon him of a copy of the order to be entered hereon within which to comply with the demand.