GEORGE A. LANGAN, as Trustee of ONONDAGA LITHOLITE COMPANY, Bankrupt, Appellant, *v.* FIRST TRUST & DEPOSIT COMPANY et al., Respondents.

Fourth Department, May 22, 1946.

Laurence Sovik for appellant.

H. Duane Bruce for First Trust & Deposit Co. and others, respondents.

Lawson Barnes and James R. Skahen, for Domark Corporation, respondent.

HARRIS, J. The subject of discussion on this appeal is section 322 of the Civil Practice Act, and the practice to be followed under such section. By chapter 254 of the Laws of 1941, the Legislature repealed former sections 322 and 323, and in place thereof adopted the present section 322. The former sections read as follows: " § 322. Admission of genuineness of paper. The attorney for a party, at any time before the trial, may exhibit to the attorney for the adverse party, a paper material to the action and request a written admission of its genuineness. If the admission is not given within four days after the request, and the paper is proved or admitted on the trial, the expenses incurred by the party exhibiting it in order to prove its genuineness must be ascertained at the trial and paid by the party refusing the admission, whatever the result of the cause, matter or issue may be; unless it appears to the satisfaction of the court that there was a good reason for the refusal.

" § 323. Admission of facts. Any party, by notice in writing, given not later than ten days before the trial, may call on any other party to admit, for the purposes of the cause, matter or issue only, any specific fact or facts mentioned in such notice. In case of refusal or neglect to admit the same within six days after service of such notice, or within such further time as may be allowed by the court or a judge, the expenses incurred in proving such fact or facts must be ascertained at the trial and paid by the party so neglecting or refusing, whatever the result of the cause, matter or issue may be, unless at the trial or hearing the court or a judge certify that the refusal to admit was reasonable, or unless the court or a judge, at any time, shall order or direct otherwise. Any admission made in pursuance of such notice is to be deemed to be made only for the purposes of the particular cause, matter or issue, and not as an admission to be used against the party on any other

occasion or in favor of any person other than the party giving the notice. The court or a judge, at any time, may allow any party to amend or withdraw any admission so made on such terms as may be just.''

The present section 322 is as follows: '' § 322. *Admissions as to matters of fact, paper, documents and photographs.* 1. At any time after the pleadings are closed in an action and not later than ten days before the trial, a party may serve upon any other party a written request for admission by the latter of the genuineness of any relevant papers or documents, or the correctness or fairness of representation of any relevant photographs, described in and exhibited with the request, or of the truth of any relevant matters of fact set forth in the request, as to which the party requesting the admission reasonably believes there can be no substantial dispute at the trial and which are within the knowledge of such other party or can be ascertained by him upon reasonable inquiry. Copies of the papers, documents or photographs shall be served with the request unless copies have already been furnished. Each of the matters of which an admission is requested shall be deemed admitted unless, within a period designated in the request, not less than eight days after service thereof or within such further time as the court may allow on motion and notice, the party to whom the request is directed serves upon the party requesting the admission a sworn statement either denying specifically the matters of which an admission is requested or setting forth in detail the reasons why he cannot truthfully either admit or deny those matters; except that if the matters of which an admission is requested cannot be fairly admitted without some material qualification or explanation, or if those matters constitute a trade secret or such party would be privileged or disqualified from testifying as a witness concerning them, such party may, in lieu of a denial or statement as aforesaid, serve a sworn statement setting forth in detail his claim to that effect and, if the claim is that the matters cannot be fairly admitted without some material qualification or explanation, admitting the matters with such qualification or explanation.

'' 2. Any admission made, or deemed to be made as aforesaid, by a party pursuant to such request is for the purpose of the pending action only and neither constitutes an admission by him for any other purpose nor may be used against him in any other proceeding; and the court, at any time, may allow such party to amend or withdraw any such admission on

such terms as may be just. Any such admission shall be subject to all pertinent objections to admissibility which may be interposed at the trial.

" 3. If a party, after being served with a request under subdivision one of this section to admit the genuineness of any papers or documents, or the correctness or fairness of representation of any photographs, or the truth of any matters of fact, serves a sworn denial thereof or a sworn statement, as provided in subdivision one, in lieu of an admission or denial thereof, and if the party requesting the admission thereafter proves the genuineness of any such paper or document, or the correctness or fairness of representation of any such photograph, or the truth of any such matter of fact, he may apply to the court at or immediately following the trial for an order requiring the other party to pay him the reasonable expenses incurred in making such proof, including reasonable attorney's fees. Unless the court finds that there were good reasons for the denial or the refusal otherwise to admit or that the admissions sought were of no substantial importance, the order shall be made, irrespective of the result of the action. Upon a trial by jury, the application for such an order shall not be heard or determined in the presence of the jury."

The enactment of the present section 322 and the repeal of the former sections 322 and 323 resulted from certain recommendations made by the Judicial Council of the State of New York to the Legislature in its report for the year 1941. (Seventh Annual Report of N. Y. Judicial Council, 1941, pp. 303–319.) The purpose of such legislation both of repeal and enactment was to make more effective the procedure to compel adverse parties to concede uncontroverted facts which would be material to the matter under litigation.

This action was commenced on the 2d day of January, 1941, by the service of a summons and complaint, the allegations of which complaint were put in issue and on such issues a trial was had resulting in a decision in favor of the defendants on March 1, 1943, the trial court holding that the plaintiff had failed to establish a cause of action. From the order dismissing the complaint appeal was taken to this Appellate Division and the judgment of dismissal was affirmed by a divided court. (266 App. Div. 1056.) Further appeal was taken to the Court of Appeals and resulted in a decision in favor of the plaintiff, reversing the Appellate Division, and directing a new trial. (293 N. Y. 604.) A motion for reargument made by the defendants in the Court of Appeals was denied. (294 N. Y. 695.) The

cause of action was to recover damages from the defendants for the transfer of assets of the plaintiff bankrupt in violation of certain provisions of the Debtor and Creditor Law, the Stock Corporation Law and the General Corporation Law. The amount involved is over $200,000 and the litigation involves proofs of transactions covering a span of some fifteen years.

Preliminarily to the new trial directed by the Court of Appeals (293 N. Y. 604), the plaintiff served on the defendants a notice " Pursuant to Section 322 of the Civil Practice Act " and in such notice requested " the admission by the defendants of the truth of the following matters of fact on or before Jan. 25, 1946 "; the matters specified in such notice were 156 in number. It is apparent from the record of the former trial, with which this court is familiar, that the plaintiff in making such request included various matters that could not properly be controverted on the trial, and then there are other matters for which request was made on which the fairness or the reasonableness of the request could not properly be determined until the conclusion of the new trial. The justice who passed on the motion herein was the same justice who had presided at the first trial. The interested parties were the same as appeared in the phases of the litigation occurring prior to the service of the notice of the requests. On the receipt of such demand for the requests, the defendants applied for and obtained an order to show cause at Special Term " why plaintiff's request for admissions * * * should not be stricken out, vacated or declared a nullity * * * ". The application for such show cause order was based on papers which attacked the notice of request on the following specified grounds:

" 1. Such request was not made pursuant to Sec. 322 of the Civil Practice Act, in that, (a) It was not made or served within the time specified in such section for serving a request thereunder as it was served not before, but long after the trial referred to in such section. (b) It is not addressed to any particular party, nor is it confined to, or separately state, the matters relating to the claims in plaintiff's pleadings against any particular party. (c) It contains many requests which, from their nature, and matters of record in the action, obviously plaintiff cannot reasonably believe are not substantially in dispute. (d) It does not contain all the matters required to be contained in a request pursuant to said Section 322.

" 2. Said Sec. 322 is unconstitutional and void in that it violates the constitutions of the State of New York and of the United States by subjecting defendants to a penalty and depriving them of property without due process of law.

" 3. Under the circumstances as disclosed by the prior proceedings, and the character of the requests, it is apparent that resort to the requests is not bona fide, but instead is an attempt to further harass defendants with groundless claims and in a manner designed to result in plaintiff's attorneys getting pay from defendants for doing it."

On the return of the show cause order and after the presentation of argument, the Special Term ordered, in reference to the motion to strike out the demand that such admissions be furnished, that the plaintiff's notice of requests and demand be in all respects " stricken out, vacated and declared a nullity." On this appeal the plaintiff seeks reversal of this order on the ground that the Special Term, at this state of the litigation, had no power to consider and grant the motion to strike. The substance of the decision on which the order was granted is to the effect that it was necessary that in serving the notice the plaintiff should have furnished affirmative proof of his reasonable belief that he had a right to the admissions requested, and that the Special Term concluded that the demand was made in bad faith in that it did not state what the Special Term thought to be legal requests and that the court at such term had the inherent power to grant the motion and declare the notice for requests to admit a nullity.

It is well established that " every court has inherent power to do all things that are reasonably necessary for the administration of justice within the scope of its jurisdiction." (7 R. C. L., Courts, § 62; *McQuigan* v. *D., L. & W. R. R. Co.*, 129 N. Y. 50, 52; *Davis* v. *Zimmerman*, 91 Hun 489, 493–494.) Whether such inherent power gave the Special Term in this matter the right to strike out and declare the notice of the plaintiff. a nullity is to be considered on this appeal in the light of former sections 322 and 323 of the Civil Practice Act, present section 322 of the Civil Practice Act, and the report of the Judicial Council (1941) which recommended the change of practice to the Legislature. The contents of such report show that the Judicial Council made its recommendation for the change because the then sections 322 and 323 of the Civil Practice Act were little used as it lacked " practical means to compel its enforcement " and on its employment " it is frequently ignored by the party upon whom the request is served ". (P. 306.) It is evident from the report that one of the main objects of the recommendation of the Judicial Council was to " put teeth " into the procedure so that proper admissions could be secured and delays in litigation be avoided.

In revamping the practice, the intent of the Legislature clearly was to provide a method that would permit a litigant to serve a demand for the admission of facts which it was reasonable for him to believe were within the knowledge or control of his adversaries so that on the furnishing of such admission the litigant so demanding would be relieved of the expense, the labor and the delay otherwise incurred by him. To protect the litigant on whom demand was made, provision is made to the effect that he could protect himself against penalty for failure to comply with the demand in the notice by serving an answer showing that the matters concerning which admissions were demanded were matters that were not within the provisions of the new section 322 of the Civil Practice Act. Thus both parties are protected in their rights to be free from annoyance and unfair practice, the decision being left by the new section 322 to the trial court as to whether or not the demands were reasonable and whether or not an answer refusing the demands was reasonable. This is the plain intent of the section and it does not require the use of additional inherent power of the court to protect the court or the litigants. The object of the legislation was " to expedite trial and to relieve parties of the cost and labor of proving facts which will not be disputed on the trial." (P. 307.)

The Special Term criticizes the plaintiff because he has not shown the reasonableness of his request. As such request is made " Pursuant to Section 322 of the Civil Practice Act " (demand for admission of facts) it is to be presumed that the plaintiff believed himself legally entitled to such admissions. Section 322 provides for the litigant on whom demand is made for admission, ample protection against the consequences of failing to comply with the demand. Prior to the adoption of the new section 322, the courts of competent authority in this State and in other jurisdictions had denied applications similar to the one made herein. (*Banca Nazionale Di Credito* v. *Equitable Trust Co.,* 221 App. Div. 555; see *Meyers* v. *Meyers,* 268 App. Div. 1037 [1945]; *Nekrasoff* v. *U. S. Rubber Co.,* 27 F. Supp. 953, construing rule 36 of the Rules of Civil Procedure of Federal Courts.)

The 1941 recommendations of the Judicial Council afford affirmative argument (in view that section 322 was adopted as a result of such report) so this court can say that the Legislature did not intend to establish the practice which the defendants herein have endeavored to follow and which practice was approved by the Special Term herein. " While it has been

argued that a motion to test the validity of a request or of an answer served pursuant thereto should be permitted, at least in exceptional cases, it has been deemed advisable, in the interests of expedition, not to authorize such a motion." (Seventh Annual Report of N. Y. Judicial Council [1941], p. 319.)

The history and contents of the section and its objectives leave no question that the new section 322 is constitutional and it is to be noted that before us counsel did not touch on this point.

The order of Special Term now under review should ·be reversed and the motion made at Special Term should be denied, with $10 costs and disbursements. The time provided for in the demand for the admission of facts (January 25, 1946) having passed, the defendants-respondents herein should be granted additional time to and including June 30, 1946, to proceed as they may be advised in view of this opinion.

All concur. Present — TAYLOR, P. J., DOWLING, HARRIS, LARKIN and LOVE, JJ.

Order reversed on the law, with $10 costs and disbursements and motion denied, without costs.