Per Curiam.

The Special Term’s ruling that plaintiff’s claims are established by what amounts to a “ fatal refusal to respond to the notice to admit ” (Civ. Prac. Act, § 322) was erroneous. Where a party has elected to decline to admit or to deny certain items tendered in a notice served pursuant to the foregoing section for reasons given, the only penalty to be imposed by the court if it finds such refusal was unreasonable is the assessment of reasonable expenses incurred in the making of the proof by the other party (Civ. Prac. Act, § 322, subd. 3; Langan v. First Trust & Deposit Co., 270 App. Div. 700, affd. 296 N. Y. 1014; Rusnak v. Doby, 267 App. Div. 122). The question as to whether a party has rightly or wrongly declined for reasons set forth to admit or to deny an item tendered in a notice to admit is for the trial court and not for the Special Term to decide (Langan V. First Trust & Deposit Co., supra, p. 706).
There was no warrant for granting plaintiff’s cross motion for summary judgment as to the “ First ”, “ Second ”, “ Third ” and “ Fifth ” causes of action contained in the amended complaint. The oral agreements alleged by plaintiff as the basis for these causes of action are unequivocally denied in the answer and in the affidavits submitted by defendant. This raised -an issue that could only be resolved by a trial.
Defendant’s motion for summary judgment grounded upon the affirmative defense contained in the answer was properly denied.
The order should be reversed to the extent of denying plaintiff’s cross motion for summary judgment, with $20 costs and disbursements to appellant.
Dore, J. P., Cohn, Callahan, Yan Voorhis and Shientag, JJ., concur.
Order unanimously reversed, with $20 costs and disbursements to the appellant, to the extent of denying plaintiff’s cross motion for summary judgment. [See post, p. 923.]