In the Matter of the Probate of the Will of CLARENCE A. ROBBINS, Deceased.

Surrogate's Court, Kings County, December 21, 1951.

*Wingate & Cullen* for Harold C. Parsons, proponent.

*Edward A. Vosseler,* special guardian for Dorothy Long.

*Reynolds, Richards & McCutcheon* for Naomi K. G. Robbins, respondent, and Charles H. Woolrych, contestant.

*Fowler & Kendrick* for John A. Robbins and another, contestants.

*Chadbourne, Hunt, Jaeckel & Brown* for Marie-Louise C. Long, as general guardian of Dorothy Long, respondent.

*Dillon & O'Brien* for Marie-Louise van Ossenbruggen-Robbins, respondent.

*Lott & Livingston* for John H. Livingston, as nominated executor of a prior will of Clarence A. Robbins, deceased.

RUBENSTEIN, S. The proponents in a contested probate proceeding served upon contestants a notice in pursuance of section 322 of the Civil Practice Act to admit certain facts set out therein. The latter now seek, through notice of motion, an order declaring that specified items in the notice are irrelevant and that they be relieved from the necessity of answering said items. The motion is opposed upon the ground that all questions as to the reasonableness of the demand or of the sufficiency or effect of an answer thereto must be determined at the trial and cannot be determined in advance thereof. The applicable law is stated in A Guide to Motion Practice (1949 ed.) by Samuel S. Tripp at page 147 as follows: " The statute does not afford a party upon whom the demand has been served an opportunity to determine its propriety by a preliminary motion. (*Katon* v. *Maskord Management Corp.,* 73 N. Y. S. [2d] 174.) There is no authority to vacate or modify such a demand in advance of trial. In *Meyers* v. *Meyers* (268 App. Div. 1037, 52 N. Y. S. [2d] 945), the Appellate Division, First Department, stated, ' relief must be obtained in the manner provided by that section ' and cited *Banca Nazionale Di Credito* v. *Equitable Trust Co.* (221 App. Div. 555, 224 N. Y. S. 617). In that case former Section 323, the essentials of which are now embodied in Section 322, C. P. A.,

was under consideration. The court held that there was no authority for a motion to vacate or modify and all that a court or judge could do was to ' *extend the time* within which such an admission may be made or refused, and at the trial the court or a judge may certify that any refusal on the part of the defendant to admit the facts demanded was reasonable.' In *Langan* v. *First Trust & Deposit Co.*, 270 App. Div. 700, 62 N. Y. S. [2d] 440. aff'd 296 N. Y. 1014, the court construed present Section 322 of the Civil Practice Act as containing no provision for the determination prior to trial of either the reasonableness of a demand for admission or of the sufficiency or effect of an answer made to such demand, or the reasonableness of an answer refusing to admit or of a qualified admission. (*Clark* v. *Curtis*, 83 N. Y. S. [2d] 340.) ''

To like effect is *Rusnak* v. *Doby* (267 App. Div. 122) in which the Appellate Division of this department suggested that the trial court was the judge of the relevancy of matters of which admission was sought. Therefore, the motion is denied. Contestants may have ten days from service of the order to be entered herein for service of their reply to the demand to admit.

Proceed accordingly.