Charles Lambiase, J.
Claimant having filed a claim against the State of New York, thereafter and on April 6, 1956 one of his attorneys forwarded to the Attorney-General’s office of the State of New York a notice to admit, pursuant to section 322 of the Civil Practice Act, the following facts: “ That the vehicle which came into contact with the vehicle of the claimant herein was a vehicle owned by the State of New York and that at the time and place of the accident herein was being operated with the permission of the State of New York
*767 Thereafter and by letter dated April 13, 1956 ‘‘ the said Notice to Admit was returned to deponent under an accompanying letter which stated that in the opinion of the Attorney General’s Office, Section 322 of the Civil Practice Act was not applicable to the proceeding herein.” (Affidavit of John J. Keigher, Esq.)
Claimant makes this application ‘ ‘ for an order directing that the State of New York accept the Notice to Admit heretofore served upon the Attorney General’s Office pursuant to Section 322 of the Civil Practice Act; and for such other and further relief as to the Court may seem just and proper.” (Notice of motion.)
In our opinion the section in question does not authorize the motion made herein, and we are without power to make the order requested. ‘ ‘ All that the court or a judge can do under the statute is to extend the time within which such an admission may be made or refused, and at the trial the court or a judge may certify that any refusal on the part of the defendant to admit the facts demanded was reasonable and thereby the defendant may be absolved from payment of the costs and expenses necessary to prove the facts specified in the demand. The section also gives the court or a judge power to allow a party to amend or withdraw any admission upon terms. * * *
“ The provisions of the section fully protect the defendant. If the facts demanded are peculiarly within the defendant’s knowledge, the demand of the plaintiff should be complied with and answers given thereto, that the trial of the issues may be shortened. If the defendant is not in a position to answer or for any sufficient reason is unable to comply with such demand, then the same may be ignored and the defendant’s rights protected by the trial court holding that the refusal to answer was reasonable.” (Banca Nazionale di Credito v. Equitable Trust Co. of N. Y., 221 App. Div. 555, 557.)
The foregoing case was decided under former section 323 of the Civil Practice Act, the essentials of which are now embodied in present section 322 of the Civil Practice Act which we now have under consideration. Cases decided since the enactment of present section 322 of the Civil Practice Act and the repeal of former sections 322 and 323 of the Civil Practice Act hold to the same effect. (Langan v. First Trust & Deposit Co., 270 App. Div. 700, affd. 296 N. Y. 1014; Matter of Robbins, 201 Misc. 725; Ottone v. American London Shrinkers Corp., 55 N. Y. S. 2d 243; Katon v. Maskord Management Corp., 73 N. Y. S. 2d 174.)
In the light of the foregoing we, of course, do not pass upon *768 the merits of the controversy, leaving the same for the consideration of the trial court when, if, and as the same shall be presented to it.
The motion must be and hereby is in all respects denied. Submit order accordingly.