Charles Lambiase, J.
This is an application by the State of New York in each of the above-entitled claims made upon notice thereof to the claimant therein named ‘ ‘ for an order dismissing and setting aside the notices to admit in the above entitled claims on the ground that Section 322 of the Civil Practice Act does not apply to the defendant State of New York in claims pending in the Court of Claims, and that under the Court of Claims Act the State of New York is not required to serve a verified pleading in the above claims, and for such other and further relief as may he just and proper.” (Motion to dismiss notices to admit.)
In Banca Nazionale di Credito v. Equitable Trust Co. of New York (221 App. Div. 555), former section 323 of the Civil Practice Act, the essentials of which are now embodied in section 322 of the Civil Practice Act, was under consideration. The court held (p. 557) that there was no authority for a motion to vacate or modify and all that a court or judge could do was to ‘ ‘ extend the time within which such an admission may be made or refused, and at the trial the court or a judge may certify that any refusal on the part of the defendent to admit the facts demanded was reasonable ”.
In Langan v. First Trust & Deposit Co. (270 App. Div. 700, affd. 296 N. Y. 1014) the court construed present section 322 of the Civil Practice Act as containing no provision for the determination prior to trial of either the reasonableness of a demand for admissions or of the sufficiency or effect of an answer made to such demand, or the reasonableness of an answer refusing to admit or of a qualified admission, and as leaving such questions for decision by the trial court. There is no authority, therefore, to vacate or modify a notice to admit in advance of trial. (Clark v. Curtis, 83 N. Y. S. 2d 340; Katon v. Maskord Management Corp., 73 N. Y. S. 2d 174; Meyers *827 v. Meyers, 268 App. Div. 1037; Redman v. State of New York, 2 Misc 2d 766.)
Section 322 of the Civil Practice Act now provides that unless the party served with the demand shall, within the period designated in the demand, or within such further time as the court may allow on motion and notice, in a sworn statement deny the facts, or give a qualified statement setting forth the reasons why he is unable or refuses to comply with the demand, or give an answer which he believes to be suitable, the facts are deemed to be admitted. The party served with such a demand may not ignore it unless he wishes to have the facts deemed to be admitted. The trial court may thereafter judge the reasonableness of the qualified statement or of the denial, and if the failure to admit be unreasonable, the trial court may then, upon motion, assess the reasonable expenses incurred in making the proof. The trial court, however, does not have the power to excuse the total failure to comply with the demand, particularly since the section specifically reserves the right to object at the trial to the admissibility of the facts admitted. (Rusnak v. Doby, 267 App. Div. 122.)
We are not advised whether the State of New York has served a sworn statement setting forth its reasons for not complying with the notice to admit which reasons are set forth in the notice of motion herein. If it has not done so, we think that it should do so; and in the interests of justice and under that part of the prayer in said notice of motion contained, viz., “ for such other and further relief as may be just and proper ”, an opportunity will be given to the State of New York to set forth in a sworn statement as is provided for by section 322 of the Civil Practice Act, its reasons for not complying with the notice to admit heretofore served herein.
The State of New York should be allowed 10 days from the date of service upon it, through service upon the office of its Attorney-General, of a copy of the order to be made and entered herein within which to serve said sworn statement in the event that no sworn statement has heretofore been served by it.
In the light of the foregoing we do not pass upon the merits of the position taken by the State of New York that section 322 of the Civil Practice Act does not apply to it in claims pending in the Court of Claims.* We leave the same to be considered and to be determined by the trial court when, if, and as the same shall be presented to it.
The motion must be and hereby is denied; and the State of New York is allowed 10 days from the date of service upon it, *828 through service upon the office of its Attorney-General, of a copy of the order to be made and entered herein within which to serve said sworn statement in the event that no sworn statement has heretofore been served by it.
Submit order accordingly.

 See Easley v. State of New York, 10 Misc 2d 370.— [Rep.