Alexander Del Giorno, J.
This is a motion for an order dismissing and setting aside a notice to admit upon the ground that the Civil Practice Act ( § 322) does not apply to defendants in claims pending in the Court of Claims, and that under the Court of Claims Act the State of New York and New York State Thruway Authority are not required to serve a verified pleading.
On September 18, 1957, more than 10 days before trial, the claimant served on the State of New York a notice to admit, containing 25 items, pursuant to section 322 of the Civil Practice Act. On the following day the office of the Attorney-General acknowledged receipt of the notice but stated that its office had thought section 322 is not applicable to the State of New York. After some further correspondence, the office of the Attorney-General reiterated its contention that the said section is inapplicable and returned to claimant the notice to admit which had been served upon it. On September 25, 1957, claimant returned the notice to admit. Thereafter and on September 27, 1957, the office of the Attorney-General served upon claimant the instant notice of motion.
•The question to be decided herein is whether or not the provisions of section 322 of the Civil Practice Act apply to an action against the State of New York instituted by a claimant in the Court of Claims.
*371 At the outset, it is necessary to consider the effect of section 8 of the Court of Claims Act, which reads as follows: ‘ ‘ The state hereby waives its immunity from liability and action and hereby assumes liability and consents to have the same determined in accordance with the same rules of law as applied to actions in the supreme court against individuals or corporations, provided the claimant complies with the limitations of this article. Nothing herein contained shall be construed to affect, alter or repeal any provision of the workmen’s compensation law.”
The words ‘ ‘ limitations of this article ’ ’ refer to article II, relating to the jurisdiction of the Court of Claims, and embrace the matters set forth in section 10, concerning the time of filing claims and notices of intention to file claims, in section 11, concerning the filing, service and contents of claim or notice of intention, and in section 12, concerning conditions of judgment.
It has long been established that a sovereign cannot be sued in its own courts without its consent, and that to maintain a judicial action against the State there must exist either statutory or judicial sanction. The State of New York had the right, prior to the enactment of section 8 of the Court of Claims Act, to retain its sovereign power and under if to refuse to its citizens the right to bring judicial action against it. It chose, however, under the provisions of the said section, to relinquish the sovereignty rights it had held and to permit actions to be brought against it, subject only to any limitation contained in the section. Having yielded its right of its own volition by the enactment of this section, it must be bound by the terms of the section and be deemed to have waived immunity to the full extent set forth in the section. There necessarily can be no withholding of any right by the State or a retention 'by it of any exception to the express provisions of the statute.
In Jackson v. State of New York (261 N. Y. 134, 137-138) the court said of this section that the State ‘ ‘ waives immunity from liability, it consents to have its liability determined in accordance with the rules of law applicable to individuals, it assumes liability and it confers jurisdiction upon the Court of Claims to hear and determine such claims of liability. * * * [T]he defense of sovereignty in an action was removed. * * * In the assumption of liability and the creation of a remedy to enforce a liability, heretofore absent by reason of the sovereignty of the tort feasor, the sovereign has not generously dispensed charity. Section 12-a [now section 8] constitutes a recognition and acknowledgment of a moral duty demanded by the principles of equity and justice. * * * It declares that no longer *372 will the State use the mantle of sovereignty to protect itself from such consequences as follow negligent acts of individuals. It admits that in such negligence cases the sovereign ought to and promises that in future it will voluntarily discharge its moral obligations in the same manner as the citizen is forced to perform a duty which courts and Legislatures have so long held, as to him, to be a legal liability. It transforms an unenforceable moral obligation into an actionable legal right and applies to the State the rule respondeat superior.”
Just as the words constituting the waiver of immunity have been so construed, so must be interpreted the remainder of the section relating to a determination in accordance with Supreme Court practice in actions against individuals or corporations. The section must be considered in its entirety properly to evaluate its effect.
With respect to that portion of the State’s motion which asserts the claim that the State of New York is not required to serve a verified pleading, rule 13 of the Buies of the Court of Claims reads as follows: “ The state is not required to answer a claim and all allegations in the claim are treated as denied.” This means simply that the State is not required to answer, since the allegations of the claim are deemed to be denied. A defense is deemed interposed though no answer is filed (Sowma v. State of New York, 203 Misc. 1105). Bule 13, which conflicts with section 242 of the Civil Practice Act, is a result of the power conferred upon the Court of Claims by subdivision 9 of section 9 of the Court of Claims Act of 1939 as amended, empowering the Court to establish rules for the “ * * * regulation of practice therein and to prescribe the forms of procedure before it, in furtherance of the provisions of this act and not inconsistent with law”, and providing that “ except as otherwise provided by this act or by rules of this court or the civil practice act, the practice shall be the same as in the supreme court.” Although the allegations of the claim are deemed denied without the interposition of an answer, nevertheless the State from that time on is in the same position as would be any other defendant and is subject to the same procedural steps against it as would be any other defendant. All that the rule absolves the State from doing, by its express terms, is filing an answer.
We come now to a consideration of the question as to whether the provisions of Civil Practice Act (§ 322) apply to the State as a defendant in the Court of Claims.
The sections of the Civil Practice Act and the Buies of Civil Practice apply in the Court of Claims, in the absence of contrary direction in the Court of Claims Act or in the Buies of the Court *373 of Claims, under the provisions of subdivision 9 of section 9 of the Court of Claims Act. (Stevens v. State of New York, 277 App. Div. 418; Ehde v. State of New York, 260 App. Div. 511.) Section 1 of the Civil Practice Act provides: “ This act shall be known as the civil practice act, and, except as otherwise expressly provided, shall apply to the civil practice in all the courts of record of the state ’ ’. The Court of Claims is a court of record (Matter of Lee v. State of New York, 183 Misc. 615; Court of Claims Act, § 7). Thus, section 1 of the Civil Practice Act constitutes additional authority that that act applies in the Court of Claims (Johnson v. State of New York, 55 N. Y. S. 2d 792).
Among the sections of the Civil Practice Act which have been held to apply in the Court of Claims is section 241, entitled “ Pleadings: what to contain ”. In Long Is. R. R. Co. v. State of New York (188 Misc. 792) the Court of Claims granted a motion to strike out evidentiary matter from a claim for damages for the appropriation of claimant’s lands on the ground that such matter was improperly included under the provisions as to the contents of a claim contained in section 11 of the Court of Claims Act and section 241 of the Civil Practice Act — “ Every pleading shall contain a plain and concise statement of the material facts, without unnecessary repetition, on which the party pleading relies, but not the evidence by which they are to be proved ” — which section of the Civil Practice Act the court said was rendered applicable by the provisions of subdivision 9 of section 9 of the Court of Claims Act.
Section 322 of the Civil Practice Act provides: "1. At any time after the pleadings are closed in an action and not later than ten days before the trial, a party may serve upon any other party a written request for admission by the latter * * * of the truth of any relevant matters of fact set forth in the request, as to which party requesting the admission reasonably believes there can be no substantial dispute at the trial and which are within the knowledge of such other party or can be ascertained by him upon reasonable inquiry. * * * Each of the matters of which an admission is requested shall be deemed admitted unless, within a period designated in the request, not less than eight days after service thereof or within such further time as the court may allow on motion and notice, the party to whom the request is directed serves upon the party requesting the admission a sworn statement either denying specifically the matters of which an admission is requested or setting forth in detail the reasons why he cannot truthfully either admit or deny those matters * * 2. Any admission made or deemed *374 to be made as aforesaid, by a party pursuant to such request is for the purpose of the pending action only and neither constitutes an admission by him for any other purpose nor may be used against him in any other proceeding * * * . Any such admission shall be subject to all pertinent objections to admissibility which may be interposed at the trial. 3. If a party, after being served with a request under subdivision one of this section to admit * * * the truth of any matters of fact, serves a sworn denial thereof or a sworn statement * * * in lieu of an admission or denial thereof, and if the party requesting the admission thereafter proves the * * * truth of any such matter of fact, he may apply to the court * * * for an order requiring the other party to pay him the reasonable expenses incurred in making such proof, including reasonable attorney’s fees.”
This section was enacted upon the recommendation of the Judicial Council (Seventh Annual Report of N. Y. Judicial Council, 1941, pp. 301-319) to make more effective the procedure under former sections 322 and 323. Former section 323 was little used as it lacked ‘ ‘ practical means to compel its enforcement ’ ’ and was frequently ignored by the party upon whom such request was served. The recommendation had as its object to ‘ ‘ put teeth ’ ’ into the procedure so that proper admissions could be served and delays in litigation avoided. The object of the legislation was ‘ ‘ ‘ to expedite trial and to relieve parties of the cost and labor of proving facts which will not be disputed on the trial ’ ”. The purpose of the procedure is “ not to obtain information but to eliminate from the issues matters which will not really be in dispute at the trial” (pp. 306-307).
The State contends that section 322 of the Civil Practice Act has no application in this court, resting its interpretation on the canon of construction that “ statutes which in general terms divest pre-existing rights or privileges will not be applied to the sovereign without express words to that effect ’ ’, and citing City of Buffalo v. Hanna Furnace Corp. (305 N. Y. 369, 374). The issue presented in that case was whether an officer or agent of the State or of a State agency may be examined as a witness before trial under the conditions specified in section 288 of the Civil Practice Act, in an action to which neither the State, a State agency nor such officer or agent is a party. The court, at Special Term, denied the motion for an examination before trial for lack of statutory authority, and the order was affirmed by the Appellate Division. The Court of Appeals, in reversing the order of the Appellate Division, held that there appeared
*375 to be involved no principle of testimonial privilege or basic consideration of policy exempting any officer or agent of the State from the duty to give such testimony as may be required in a duly held judicial investigation. It held further that literally, and on their face, the words “ any other person ” contained in the said section encompassed any individual other than a party, whether that individual happens to be a public official or a private person. The court stated (p. 374): “It is urged, however, that the examination here sought is in effect that of a state agency, and on that premise reliance is placed in statements to be found in the decisions that ‘ the word person does not, in its ordinary or legal signification, embrace a State or government ’. (See Matter of Fox, 52 N. Y. 530, 535, affd. sub. nom. United States v. Fox, 94 U. S. 315; Saranac Land & Timber Co. v. Roberts, 195 N. Y. 303, 323; see, also, General Construction Law, § 37.) The canon of construction thus invoked is usually phrased in terms of a presumption that ‘ statutes which in general terms divest pre-existing rights or privileges will not be. applied to the sovereign without express words to that effect.’ (See United States v. Mine Workers, 330 U. S. 258, 272-273; United States v. Herron, 20 Wall. [U. S.] 251, 263; People v. Herkimer, 4 Cow. 345, 348.) ” The court stated further, and significantly: “There are, on the other hand, indications that that canon serves, not as an inflexible rule of construction, but rather as one available signpost to legislative intent or design. (Cf. Ohio v. Helvering, 292 U. S. 360, 370; Helvering v. Stockholms Enskilda Bank, 293 U. S. 84, 92-93; United States v. California, 297 U. S. 175,186; State of Indiana v. Woram, 6 Hill 33, 38.) ” The court stated: “ We need not, however, here determine the exact nature or force of the canon in question, since the import of the statute in the present case falls, not on the state, but on an individual officer or agent thereof, and there is no showing that the proposed application of the statute will seriously prejudice the state.
‘ ‘ It has thus been observed that ‘ the rule of exclusion of the sovereign, is less stringently applied where the operation of the law is upon the agents or servants of the government rather than on the sovereign itself. ’ (Nardone v. United States, 302 U. S. 379, 383.) ” And said further: “ And a number of persuasive decisions, are at hand in which legislation, worded in general terms, has been interpreted as applying to public officers or agents, as well as to private persons, where there was no evidence of any legislative purpose to restrict the scope of the statute in this respect. (See Nardone v. United States, supra, *376 302 U. S. 379; United States v. Arizona, 295 U. S. 174; see, also, Dollar Sav. Bank v. United States, 19 Wall. [U. S.] 227, 239.) ” The court made reference to the case of Rucker v. Board of Educ. of City of N. Y. (284 N. Y. 346) which had held that the general provisions of Civil Practice Act (§ 288) authorizing the taking by a party of the deposition before trial of “ any other party” could not be read, in and of themselves, as subjecting a municipal corporation to such examination. To overcome the effect of this case and other cases holding to like effect, the court pointed out it was necessary to enact legislation explicitly authorizing the examination before trial, as a party, of a municipal or public corporation. (Civ. Prac. Act, § 292-a, as added by L. 1941, ch. 921, and amd. by L. 1942, ch. 830.) As to these decisions, however, the court said they ‘ ‘ were an outgrowth of early rulings which construed the provisions for pretrial examinations of ‘ a party ’ as authorizing the examination only of a party personally, and not of a party’s agent or employee, thereby excluding the examination of any corporate party in the absence of explicit provision therefor. * * * On the other hand, insofar as section 288 permits the pretrial examination of ' any * * * person ’ other than a party as a witness, there is no basis or warrant for concluding that the statute does not apply to an officer, agent or employee of such an entity as a corporation, or .the state or any civil subdivision thereof. * * * The value of pretrial examination, as an aid to the conduct and disposition of litigation, has been amply demonstrated by experience. There has, particularly in recent years, been a distinct trend, reflected in legislative pronouncement, in court rule and in judicial decision, towards the extension and greater liberalization of the provisions for such examination. (See Saxe, Civil Eemedies and Procedure, 27 N. Y. U. L. Rev. 1201.) Courts should not strain to limit the availability of such an important remedy, by narrowly circumscribing the reach of words so inclusive as ‘ any * * * person, ’ whose very generality bespeaks a legislative design that the provision be accorded a very broad content. Of exceeding significance is the consideration that the ‘ testimonial duty to disclose knowledge needed in judicial investigation ’ is essentially one that rests upon all persons alike, upon public officers and agents, as well as upon private individuals. (See 8 Wigmore, op. cit., p. 737; see, also, United States v. Burr * * * 25 Fed. Cas. No. 14, 692d; Thompson v. German Valley R. R. Co. * * * _ 22 N. Y. Eq. Ill, 113). The incidental inconvenience that our interpretation may occasion to public officials and employees cannot justify the blanket denial of pretrial examination of such persons. Any question of *377 undue impression or annoyance may be dealt with, as it may arise in individual cases, by the courts of first instance.” (Pp. 374-377.)
This court would stress the thought so plainly pronounced by the Court of Appeals to the effect that the tendency in recent years has been toward the extension and liberalization of practice provisions, reflected in legislative enactment, court rule and judicial decisions. The purpose is to insure that the rights of litigants may be furthered by expeditious trial with respect both to the time of the holding thereof and the practice to be followed. Such liberal view should be encouraged by the State itself if its primary purpose is the securing of justice and if it is to adhere to its own epochal waiver of immunity.
The court can see no reason why the State should not be bound by the same rules which govern private individuals, nor indeed can the court countenance the withholding of certain exceptions to the State while denying them to private individuals. If the common good of all is to be attained and the courts are to function properly, and if they are to obtain speedy justice for all, then any practice which will assist in effecting that desirable end, if it be authorized by law without specific exception, should be applied.
The court finds that the Civil Practice Act (§ 322) applies to the defendant, the State of New York, in this court. The State cannot be prejudiced by the application of this section, for the State can protect itself against penalty by serving an answer showing that the admissions demanded are not within the provisions of the section. The decision as to the reasonableness of demand and refusal is left to the trial court. “ Both parties are protected in their right to be free from annoyance and unfair practice, the decision being left by the new section 322 to the trial court as to whether or not the demands were reasonable and whether or not an answer refusing the demands was reasonable. This is the plain intent of the section and it does not require the use of additional inherent power of the Court to protect the Court or the litigants.” (Langan v. First Trust & Deposit Co., 270 App. Div. 700, affd. 296 N. Y. 1014.)
The motion for an order dismissing and setting aside the notice to admit is denied, and the time within which the State may comply with the said notice is extended to 30 days from the date of the service of a copy of the order to be entered hereon with notice of entry.
Settle order on notice accordingly.