Alexander Del G-iorno, J.
This is a motion for an order requiring the State and Taconic State Park Commission to respond to the demand for admissions in accordance with section 322 of the Civil Practice Act, or in the alternative, in the event that the court shall determine that section 322 of the Civil Practice Act is not applicable in the Court of Claims to the defendants herein, for an order directing that the defendants appear for examination before trial as to the matters set forth in the demand for admissions.
The claim is for the appropriation by the State of property belonging to claimant and for damages sustained by him as to the remaining property owned by him as the result of such appropriation and construction thereon in connection with the Sprain Brook Parkway and appurtenances. The claim was filed on April 18,1959.
In the course of other litigation with the State unconnected with the present claim, claimant had been furnished with a portion of a topographical map submitted as a Part I paper by Clarke & Bapuano, the consulting engineers for the State on the Sprain Brook Parkway project. This map was prepared by Greenhut & Taffel, surveyors, and certified as correct by said surveyors to Clarke & Bapuano, who in turn submitted the same to the Department of Public Works. The survey was dated December 26,1954. The portion of the survey which was given to claimant in such other litigation happened to include the area of claimant’s property. That portion which is in the area of claimant’s property is Paper No. 1 in the demand for admissions to which reference is hereinafter made. Claimant believes that it shows the “ before ” topography and prominent trees on claimant’s property.
In the previous litigation, claimant had been furnished by the State with two grading plans showing new grades for streets in the area of claimant’s premises. Portions of these two grading plans are referred on Papers Nos. 2 and 3 in the demand for admissions. They show the “ after ” grades.
On August 29, 1961, a demand for admissions was served by claimant upon the State, asking for a written admission of the following papers, annexed to the demand and therewith exhibited to the State:
1. Paper No. 1 — part of a survey prepared by Greenhut & Taffel, surveyed and certified as correct by them to Clarke & Bapuano, and in turn submitted by Clarke & Bapuano to the Department of Public Works of the State of New York, known as Drawing No. P-3-1, submitted under Part I Survey, HC-2853 and dated December 26, 1954.
*995 2. Paper No. 2 — part of Grading Plan, Drawing No. F-9-G, Sheet No. 28, dated April 3,1958.
3. Paper No. 3 — part of Grading Plan, Drawing No. F-8-G, Sheet No. 27, dated April 3,1958.
4. Paper No. 4 — survey of Lots 1 to 8 and 65 to 74, Block 1, as shown on Map of Bronxville Terrace, near Bronxville Station, City of Yonkers, Westchester County, New York, Section 1, and filed in the Westchester County Clerk’s office, Division of Land Records, on September 19, 1909, in volume 29, page 70.
Demand was made also for a written admission of the truth of the following facts:
1. That Paper No. 1 is a topographic survey of the property belonging to claimant involved in this proceeding, and Millard Avenue, Palmer Road (or Ave.) and Ellison Avenue as they border the claimant’s property, prepared by Greenhut & Taffel, surveyors, and submitted to defendants by Clarke & Rapuano, consulting engineers, prior to the appropriation herein, in connection with the design and construction of Sprain Brook Parkway.
2. That Paper No. 1 fairly and accurately states the elevations of claimant’s property and Millard Avenue, Palmer Road (or Ave.) and Ellison Avenue as they border on claimant’s property, and it also fairly and accurately states the location and caliber size of some of the trees on claimant’s property at or near the property lines thereof, all as of just prior to the beginning of the construction and work pursuant to the subject appropriation.
3. That Papers Nos. 2 and 3 are Grading Plans of the property belonging to the claimant involved in proceeding, and Millard Avenue, Palmer Road (or Ave.) and Ellison Avenue as they border on claimant’s property, prepared by Clarke & Rapuano, consulting engineers to the defendants in connection with the design and construction of Sprain Brook Parkway.
4. That Papers Nos. 2 and 3 fairly and accurately state the elevations and contours of and on claimant’s property and Millard Avenue, Palmer Road (or Ave.) and Ellison Avenue as they border claimant’s property after the completion of the construction and work which is the subject of this proceeding and at the present time.
5. That Paper No. 4 is an accurate survey of claimant’s property which is the subject of this proceeding and that it fairly and accurately locates the improvements thereon and the dimensions, all as of prior to the subject appropriation.
On September 7, 1961, the demand for admissions was returned to the attorneys for the claimant, together with a *996 ‘ ‘ notice in response to demand for admissions” and an affidavit. The notice stated that the demand for admissions was returned on the ground that section 322 of the Civil Practice Act does not apply to the State and that there is no statutory authority for anyone acting on behalf of the State to admit facts in support of a claim against the State. The notice stated further that subdivision 1 of section 12 of the Court of Claims Act requires proof of every element of a claim and that rule 13 of the Buies of the Court of Claims provides that the State is not required to file an answer, all allegations being deemed denied.
The sworn statement was an affidavit by the Assistant Attorney-General who stated that ‘ ‘ without conceding that Civil Practice Act, Section 322 is applicable to a claim against the State of New York, he makes this affidavit to set forth the position of the State of New York with respect to the demand to admit contained in this claim ’ ’. The rest of the affidavit generally is a reiteration of the statement made in the ‘1 notice in response to demand for admissions ’ ’, as to the position of the State that section 322 of the Civil Practice Act does not apply to the State and that no statutory authority exists for an admission by the State, basing such contention upon the aforesaid subdivision 1 of section 12 of the Court of Claims Act and rule 13 of the Court of Claims Act. The last sentence of the affidavit reads: 1 ‘ The facts set forth in the demand to admit are therefore not admitted ”.
This court has held that the provisions of section 322 of the Civil Practice Act are applicable to actions against the State of New York pending in the Court of Claims. (Easley v. State of New York, 10 Misc 2d 370.)
The State in the aforesaid “ Notice in response to demand for admissions ” and “ Affidavit ” strongly contends nevertheless that section 322 of the Civil Practice Act does not apply to the State of New York. It is interesting to observe, however, that the State states unequivocally that ‘ ‘ the facts set forth in the notice are therefore not admitted ’ ’.
Subdivision 1 of section 322 provides: ‘ ‘ Each of the matters of which an admission is requested shall be deemed admitted unless, within a period designated in the request * * * the party to whom the request is directed serves upon the party requesting the admission a sworn statement either denying specifically the matters of which an admission is requested or setting forth in detail the reasons why he cannot truthfully either admit or deny those matters ”.
*997 Subdivision 1-a of section 322 prescribes a similar course of action with respect to an admission ‘ ‘ of the genuineness of any relevant papers or documents, or the correctness or fairness of representation of any relevant photographs, described and exhibited with the request, or of the truth of any relevant matters of fact set forth in the request ”.
The court holds that, despite its protestations as to the applicability of section 322, the State has complied substantially with the pertinent provisions thereof and has denied specifically the matters as to which admissions were requested. (Barstow v. State of New York, 27 Misc 2d 98.)
The court having found that section 322 is applicable in the Court of Claims, and that the State has complied substantially with the provisions thereof, the question as to the granting of the alternative relief for an order for an examination before trial becomes academic. Accordingly, the motion is denied.