Joseph A. Cox, S.
Motions for summary judgment were made in this proceeding by both the respondent and the executors. One of the issues in such motions was the validity of a divorce procured by the respondent in the State of Georgia. The motions for summary judgment were denied and the issue as to the respondent’s domicile at the time of the procurement of such divorce was reserved for a hearing (Matter of Collins, 25 Misc 2d 886, affd. on this point 12 A D 2d 307). At the opening of the hearing respondent’s attorney stated that he had attempted to serve answers to a notice to admit facts, which had been served pursuant to section 322 of the Civil Practice Act, that such answers had been rejected as not timely and, for such reason, he moved at the hearing for leave to file the answers prior to the taking of proof. In support of this motion the respondent’s attorney contended that an oral extension of time had been procured from his adversary but this assertion was denied by the petitioners’ attorney. Thereupon proof was taken as to the alleged extension of time and, in this connection, the testimony of the attorneys was received. Such testimony established that strict compliance with the time requirements of the Civil Practice Act was waived by the petitioners’ attorney in the early stages of this proceeding but, at a later time, demand was made for compliance with the notice to admit and such demand was not met. Beyond this the testimony is inconclusive *755 and, solely because it would seem to be the burden of the party claiming the time extension to establish an agreement to that effect, it is found that no binding agreement as to an extension of time was reached.
Despite the lack of an agreement, the respondent could have moved, prior to the hearing date, for an extension of time (Langan v. First Trust & Deposit Co., 270 App. Div. 700, affd. 296 N. Y. 1014) or could have moved to open her default (Connolly v. Charlton Co., 118 N. Y. S. 2d 229). This the respondent did not do prior to the hearing date and, were it not for the fact that there was some extension of time and a question as to a further extension of time, there would be little equity in the respondent’s present position. It has been held in the Second Department that a trial court has no power to excuse a total failure to comply with a notice to admit (Rusnak v. Doby, 267 App. Div. 122) but here there was an attempted, although dilatory, compliance. Under the facts here existent the court is inclined to grant the respondent an opportunity to comply with the notice to admit.
It is for the trial court to determine the validity of any request for an admission of facts and, in the instant case, the reasonableness of the demands has been argued in the briefs submitted to the court. In view of this, little would be accomplished, other than delay, in requiring responses to all of the demands and, at a later date, ruling as to the propriety of such demands. In Katon v. Maskord Management Corp. (73 N. Y. S. 2d 174, 176) it was said: “In the instant case, the Court believes that the notice to admit exceeds in scope anything contemplated by the Statute. ’ The purpose of Section 322, Civil Practice Act was to obviate the necessity of proving facts which are capable of ascertainment by uncontestable documentary evidence or by other factual proof so abundantly clear as to obviate any reasonable controversy. The Section was never intended to cover ultimate conclusions of fact which would necessarily have to be found by the Court after full and complete trial as the very foundation of the judgment rendered in the case. The Statute contemplates an admission of specific items of evidentiary matter, rather than of such conclusions of ultimate fact which can be determined only by the evaluation of the entire testimony and all reasonable inferences to be drawn therefrom.” This court gives the statute a like interpretation (see, also, Smith v. Smith, 55 N. Y. S. 2d 430).
The issue upon the hearing was the domicile of the respondent at the time of the challenged divorce and inherent in this question was the matrimonial domicile of the parties to the marriage. *756 The issue of domicile was the ultimate question to be determined by the court and was not a question with respect to which a categorical admission could be required of the respondent. Accordingly, the respondent will not be required to answer those items of the notice to admit numbered A-9 inclusive, 13-16 inclusive, and 18-23 inclusive. Answers to the remaining items may be served and filed not later than 10 days from the publication of this decision.
If answers in response to the notice to admit shall not be served and filed as above permitted, a decision upon the issues in this proceeding will be rendered by the court. If answers shall be served and filed, the decision upon the issues will be rendered unless the petitioners request the opportunity to offer additional proof, in which event, the court will rule upon such application. Any party desiring to enter an order upon the holdings herein made may submit such an order on notice.