William C. Hecht, Jr., J.
This proceeding is brought to fix the value of the properties of Fifth Avenue Coach Lines, Inc., and Surface Transit, Inc., which were condemned by the City of New York pursuant to subdivision 2 of section 20 of the General City Law, as amended by chapter 161 of the Laws of 1962. The validity of the statute was upheld in Fifth Ave. Coach Lines v. City of New York (11 N Y 2d 342).
The instant motion arises out of claimants ’ demand for admissions of fact by the city, pursuant to subdivision 1-a of section 322 of the Civil Practice Act. The city has admitted item (2), that the legislation was enacted. It objects to the remaining 11 items, upon the grounds that (a) section 322 of the Civil Practice Act does not authorize requiring such admissions from the city in a condemnation proceeding; and (b) that the matters to which admissions are sought are clearly irrelevant.
The items indicated in the demand are:
That the city procured legislation permitting the condemnation of Fifth Avenue and Surface and the creation of a subsidiary of the New York City Transit Authority (MABSTOA) to operate the condemned lines upon lease from the city (1); that *202 such a lease was in fact entered into (3); that MABSTOA negotiated with the Transport Workers Union to secure, and did secure, the services of all of the claimants’ operating employees (4); that MABSTOA employed substantially all of the claimants’ nonunion employees (5); that MABSTOA operated buses over the same routes (7), upon the same schedules (8), and at the same fare (6), as the claimants had before the condemnation; that the subsidiary was using the same money-handling facilities and equipment (9) and maintenance records (10) as the claimants used prior to condemnation; and that claimants maintained an active claims department and legal bureau for the handling of a large volume of tort claims against them (12).
Subdivision 1-a of section 322 of the Civil Practice Act so far as relevant, provides: “ At any time after a special proceeding has been instituted * * * a party [hereinafter ‘ demandant ’] may serve upon any other party [hereinafter ‘ respondent ’] a written request for admissions by the latter * * * of the truth of any relevant matters of fact set forth in the request, as to which [demandant] reasonably believes there can be no substantial dispute at the hearing and which are within the knowledge of [respondent] or can be ascertained by him upon reasonable inquiry * * *. Each of the matters of which an admission is requested shall be deemed admitted unless, within a period designated in the request * * * [respondent] serves upon [demandant] a sworn statement either denying specifically the matters of which an admission is requested or setting forth in detail the reasons why he cannot truthfully either admit or deny those matters * * * and, if the claim is that the matters cannot be fairly admitted without some material qualification or explanation, admitting the matters with such qualification or explanation.”
The city’s objection that the foregoing statute does not apply to condemnation proceedings is untenable. It has been held applicable to suits against the State and its instrumentalities in the Court of Claims. (Queensboro Farm Prods. v. State of New York, 6 Misc 2d 445, 446-447, affd. 5 AD 2d 967 [4th Dept.], affd, 5 N Y 2d 977; Easley v. State of New York, 10 Misc 2d 370; Pearlman v. State of New York, 18 Misc 2d 494, 495-496; Miller v. State of New York, 29 Misc 2d 993, 996-997; Carr v. State of New York, 30 Misc 2d 983, 984-985.) In the Queensboro case, the court pointed out (p. 447) that “ [T]his practice is in accord with the efforts of the courts and Judicial Council to expedite trials, reduce costs and aid in the disposition of the increasing number of cases ’ ’.
*203 As a practical matter, the statute would fail of its purpose if the city were relieved therefrom, since it is more frequently in this court than any other litigant.
The city seeks to avoid the application of this statute to condemnation proceedings by a strained construction of two sections of the New York City Administrative Code dealing with condemnation.
First, it is pointed out that section B15-13.0 makes express provision for examination before trial of a claimant or the city, while no such provision is made for admissions of fact. But in 1937, when the Administrative Code was enacted, section 288 of the Civil Practice Act had been construed as not subjecting municipal corporations to depositions before trial for historical and semantic reasons which have no application here (see City of Buffalo v. Hanna Furnace Corp., 305 N. Y. 369, 376-377). For this reason, it was necessary to make express provision for such depositions in the condemnation statute. The unfairness of relieving municipal corporations from depositions generally was eliminated by section 292-a of the Civil Practice Act, added by chapter 921 of the Laws of 1941, the same year as the enactment of the present section 322. Subdivision 1-a of the latter section, extending the procedure of special proceedings, was enacted by chapter 73 of the Laws of 1959, with no indication that it should not apply to condemnation, as well as to all other types of special proceedings. As was said by Judge Fuld in the Hanna Furnace Corp. (supra, p. 377): “ Of exceeding significance is the consideration that the ‘ testimonial duty to disclose knowledge needed in judicial investigation ’ is essentially one that rests upon all persons alike, upon public officers and agents, as well as upon private individuals.”
The other provision of the Administrative Code relied upon by the city is subdivision d of section B15-27.0 of the condemnation statute, which provides: “ Property owners appearing in the proceedings shall not be entitled to recover counsel fees, costs, disbursements or allowances.”
Subdivision 3 of section 322 of the Civil Practice Act provides that if a respondent serves a sworn denial of a fact and demandant thereafter proves the truth of any such matter of fact, he may apply to the court for an order requiring respondent to pay him the reasonable expenses incurred in making such proof, including reasonable attorneys’ fees.
The argument is that, since the above-quoted provisions of the condemnation law protect the city from the imposition of this sanction in subdivision 3, subdivision 1-a could not have *204 been intended to apply. The argument is a non sequitur. First, it is not clear that the condemnation statute does relieve the city from the sanction of subdivision 3. The former statute might well be construed to apply only to the costs provided in article 86 of the Civil Practice Act.
Secondly, even if it be determined that subdivision 3 does not apply to the city, it does not follow that subdivision 1-a is inapplicable. The Legislature might well have concluded that the city would not file a perjurious pleading and that the requirement for a sworn denial or qualification was a sufficient sanction to insure compliance without the imposition of costs and counsel fees deemed desirable in the case of private litigants.
The city’s objection to the relevancy of the items in the demand should more properly be made after the evidence has been adduced at the trial, when the court will be in a better position to pass upon the matter. (Langan v. First Trust & Deposit Co., 270 App. Div. 700, 706 [4th Dept.], affd. 296 N. Y. 1014.) The court cannot at this time accede to the city’s request that the demand be disregarded. (Rusnak v. Doby, 267 App. Div. 122, 123 [2d Dept.]; Rowland v. State of New York, 10 Misc 2d 825, 827; Banca Nazionale Di Credito v. Equitable Trust Co., 221 App. Div. 555, 557 [1st Dept.].)
Item 1 of the demand is entirely irrelevant because the motivation for the legislation may not be considered by the court. (Fifth Ave. Coach Lines v. City of New York, 11 N Y 2d 342, 347, supra.) It would appear further that items 11 and 12 are more within the knowledge of the demandant than of respondent. They are therefore not proper items in a demand for admissions, the purpose of that proceeding being “ not to obtain information but to eliminate from the issues matters which will not really be in dispute at the trial ”. (Easley v. State of New York, 10 Misc 2d 370, 374, supra.)
While, strictly speaking, the city should have replied to these items and made its motion after the evidence was offered, in the interest of expedition, the city will be relieved from compliance with the foregoing items. It has already replied to item 2. The city will be given 10 days to reply to items 3 through 10 (both inclusive). In the absence of a sworn denial, they will be deemed admitted, subject to any qualification or explanation submitted by the city.