Sidney Squire, J.
Claimants move “ for summary judgment pursuant to Civil Practice Rule 113 on the second cause of action in this claim, [sic] and for an order of the Court directing an immediate hearing* before a referee to assess the amount or the extent of the damages to which claimants are entitled ’ ’. The motion is vigorously opposed by the defendant, orally and by brief and affidavit.
Claimants sued the defendant on alternate causes of action (Civ. Prac. Act, § 258) arising out of alleged breach of contract for the performance of professional engineering services (survey and detail design, Nassau Expressway from Van Wyck Expressway to the Nassau County line, Queens County), for which claimants’ assignor, a partnership composed of the two claimants and a third person, were originally to receive $453,000.
Claimants served the defendant with a “ Request for Admissions ”, in accordance with section 322 of the Civil Practice Act. In due time, the defendant returned said ‘ ‘ Request for Admissions ” with defendant’s “Notice” and “Affidavit”. We regard the latter two papers of the defendant as the equivalent of “ a sworn statement ” (the language of section 322).
Although said “Notice” and “Affidavit” set forth the reasons for the defendant’s contention that section 322 does not *99 apply to the State, the Attorney-General’s office was cautions enough to reasonably comply with the provisions for denials.
The final paragraph of the defendant’s “Notice” states: ‘ ‘ Without conceding the applicability of Civil Practice Act § 322 to a claim against the State of New York, there is appended hereto a sworn statement setting forth the reason why the facts set forth in the notice to admit are not admitted.” The “ Affidavit ” which accompanied defendant’s “Notice” is made by an Assistant Attorney-General whose last sentence is: “The facts set forth in the notice are therefore not admitted ”.
We conclude that the defendant’s legal posture is not as maintained by claimants ’ able counsel. Claimants cannot prevail on this motion.
Accordingly, at this juncture we do not presume to consider the interesting questions of law as to (1) whether said section 322 applies to the sovereign at bar and (2) whether rule 113 of the Rules of Civil Practice can be utilized in this court. Motion denied.