In the Matter of the Estate of FREDERICK A. COLLINS, Deceased.

Surrogate's Court, New York County, December 12, 1961.

*Reich, Spitzer & Feldman* for Frederick A. Collins, Jr., and another, individually and as executors, petitioners. *Philip Handelman* for Lucia B. Collins, respondent.

JOSEPH A. COX, S. In compliance with the rulings made in the decision of this court (*Matter of Collins*, 31 Misc 2d 754) and the order made on such rulings, a response to the notice to admit facts has been served and filed. The petitioners have not requested an opportunity to submit further proof in regard to matters not admitted and, under the earlier rulings of the court, the matter has been submitted for decision upon the record created at the hearings which had been concluded prior to the rulings made in respect of compliance with the notice to admit.

The petitioners have made a collateral attack upon a decree of divorce procured by the respondent prior to her marriage to the testator and it is the contention of the petitioners that such divorce was invalid, the subsequent marriage ceremony to which the testator and the respondent were parties was invalid and the respondent is not the testator's widow. The attack upon the divorce decree is premised upon the contention that at the time the divorce proceeding was instituted in Georgia neither the respondent nor her then husband was a resident of Georgia and the decree was jurisdictionally defective. The burden to establish such contention was upon the petitioners and this burden

could not be shifted.  Neither was the evidence of the petitioners such as to shift to the respondent the burden of going forward with evidence.  It is the assertion of the petitioners that the facts necessary to the establishment of the invalidity of the divorce decree are peculiarly within the knowledge of the respondent and that it is the special privilege of the petitioners to challenge the marital status of the respondent and, by such challenge, to compel the respondent to assume the burden of establishing the validity of her marriage to the testator.  Such a provocative privilege does not exist in the law.  *Matter of Sitkin* (151 Misc. 448) upon which the petitioners heavily rely in this respect is no longer authoritative (*Matter of Gahan*, 276 App. Div. 647, 650).

Lacking the benefit of the unanswered admissions, the case of the petitioners is not established and their failure to offer further evidence is accepted as an acknowledgment that further proof in support of their position is not procurable.  The petition, insofar as it prays for a decree determining that respondent is not the widow of the testator, is dismissed on the merits.