Bernard Ryan, P. J.
Claimant has sued the State of New York, alleging that on April 18, 1959 he purchased two $10 ‘ ‘ win ’ ’ pari-mutuel tickets on the horse, Manassa Mauler, in the Wood Memorial (7th race) at the Jamaica Race Track, operated by the New York Raceway Association, Inc. The Mauler came in first, claimant reports, paying a mutuel of $129.50 and entitling the claimant on his investment to the sum of $1,295. The pleading further alleges that through inadvertence the “ win ” tickets were destroyed, and although claimant demanded payment it was refused by the association and the money was turned over to the treasury of the State of New York. After filing the claim, claimant’s attorney served a notice to admit upon the Attorney-General who made no response thereto. (Civ. Prac. Act, § 322.) Claimant now moves for judgment pursuant to section 476 of the Civil Practice Act and subdivision 9 of section 9 of the Court of Claims Act.
Included in claimant’s notice to admit were many statements of the details of the transactions and correspondence between the claimant and Raceway Association and between claimant and the employees of the State of New York, which followed upon the incident of the race and the destruction of the tickets. Since none of these details has been denied they must be accepted as facts. Without reciting them, they disclose claimant’s promptness in calling attention to his situation and generally establish his good faith in the matter. Important among them is the fact that the mutuel clerk recalled the sale to the claimant and the further fact that the amount of the winning is in the hands of the State Tax Commission.
The Attorney-General opposes the motion for judgment on the pleadings, first upon the theory that because rule 13 of the Rules of the Court of Claims does not require the State of New York to plead, no issue of fact is presented. And secondly, that section 322 of the Civil Practice Act does not apply to the Court of Claims. There are holdings to the contrary. (Queensboro Farm Prods. v. State of New York, 6 Misc 2d 445 [1956], affd. *985 5 A D 2d 967, affd. 5 N Y 2d 977; Easley v. State of New York, 10 Misc 2d 370; Pearlman v. State of New York, 18 Misc 2d 494 [1959].)
The Attorney-General further contends that there are no admissions properly before the court. He argues that the admissions recited by the claimant are merely implied; that thus they deprive the Court of Claims of determining liability against the State and he cites subdivision 1 of section 12 of the Court of Claims Act. The point is not well taken. The cases cited by the Attorney-General, viz., Langan v. First Trust & Deposit Co. (270 App. Div. 700 [1946], affd. 296 N. Y. 1014) and Belfer v. Dictograph Prods. (275 App. Div. 824 [1949]) are inapplicable. (See, also, New York Tel. Co. v. Ladenheim Fixtures Corp., 14 Misc 2d 939 [1958].)
Applications pursuant to section 476 of the Civil Practice Act and rule 112 of the Rules of Civil Practice are ordinarily addressed to the discretion of the court. (Stevenson v. News Syndicate Co., 302 N. Y. 81 [1950].) But where the motion is treated solely as a challenge to the legal sufBciency of the complaint or of the defense, only questions of law are involved; not considerations of discretion. (Gracie Sq. Realty Corp. v. Choice Realty Corp., 305 N. Y. 271, 277 [1953].) Under rule 112 of the Rules of Civil Practice, if either party is entitled to judgment on the pleadings the court may give judgment to the party entitled thereto, disregarding which party instituted the motion.
Accepting the factual situation established before us by the failure of the Attorney-General to respond to the notice to admit, or to controvert the facts therein recited, we come to the question of law to be determined herein. That question is: Is the claimant entitled to recover from the State of New York the sum of $1,295, which, had he not inadvertently destroyed it, he could have collected upon the winning ticket which he had purchased! We think not.
In Aliano v. Westchester Racing Assn. (265 App. Div. 225 [1942]) the Appellate Division, Second Department, overruled the previous decision of the Appellate Term expressed in Giordano v. Metropolitan Jockey Club (176 Misc. 506 [1941]). It therein held that a plaintiff in a situation similar to that in which this claimant finds himself, could not recover the winnings allotted to the ticket which he had lost. Confronted with the cited authority claimant here argues that the New York Raceway Association, Inc., is only the administrative agent for the collection and distribution of the pool and must remit to the State Tax Commission the winnings allotted to tickets which are not presented for redemption. He asserts that the ticket *986 is not the contract, or the source of the right to recover the winnings, hut merely the evidence of such contract and of such right. In support of this argument he cites Des Arts v. Leggett (16 N. Y. 582 [1858]); Frank v. Wessels (64 N. Y. 155, 158 [1876]); Zander v. New York Security & Trust Co. (178 N. Y. 208, 212 [1904]) and other long-standing decisions. These cases deal with lost notes, destroyed insurance policies and similar commercial documents. Counsel argues that claimant’s situation is analogous.
There can be no question that the ticket bearing the number of the winning horse in a pari-mutuel race is evidence of the right to collect the winnings which are held in trust. But gambling differs essentially from business transactions and ordinary remedies are not usually available for the enforcement of gambling debts. Where there is a statute applicable to a gambling contract, recovery is enforcible only in accordance with its provisions. (Holberg v. Westchester Racing Assn., 184 Misc. 581 [1945].)
In his opinion in the case of Aliano v. Westchester Racing Assn. above cited, Judge Close remarked (p. 229) that betting on horse races was illegal until the enactment of the Pari-Mutuel Revenue Law and that such statute ‘ ‘ was not enacted for the purpose of legalizing betting at race tracks but of raising revenue for the State ”. He further said: “ Pari-mutuel betting is lawful therefore only if the payment of the proceeds of the bet is in conformity with the statutory requirements respecting payment. There is implicit in all the provisions of the statute concerning payment to patrons the condition that tickets, which are essential to the pari-mutuel system, be presented.”
Thus we see that placing a bet at a horse race and collecting the winnings thereon is legal only within the narrow confines of the Pari-Mutuel Law. There is no statutory provision made for lost tickets. This is purposely so since the ticket is an essential part of the entire scheme. Failure to present it, for whatever reason, is a waiver of the right to recover the winnings. This claimant did not present his ticket because he inadvertently destroyed and discarded it. His predicament is unfortunate but the statute must be strictly followed.
We find jurisdiction to direct judgment on the pleadings. We find that claimant may not recover, as a matter of law, upon the undisputed facts. His claim must be dismissed.