■ RICHARD H. EPPS, Respondent, v. YONKERS RACEWAY, INC., Appellant. —In an action by plaintiff, the purchaser of a winning pari-mutuel ticket on the " twin daily double" at defendant's race track, to recover damages from defendant by reason of its payment on such ticket to the person who presented it, the defendant appeals from so much of an order of the Supreme Court,

Queens County, dated January 27, 1964, as denied its motion, made pursuant to statute (CPLR 3211, subd. [a], par. 7), to dismiss the first cause of action in the complaint for failure to state a cause of action. Order, insofar as appealed from, reversed, with $10 costs and disbursements; defendant's motion to dismiss the first cause of action as insufficient in law granted; and said cause of action dismissed. From the factual allegations of the complaint, which must be accepted as true for the purposes of this motion to dismiss for legal insufficiency (cf. *Schwartz* v. *Heffernan,* 304 N. Y. 474, 482; *Wolf* v. *Gold,* 9 A D 2d 257, 258); and from undisputed facts contained in the affidavits which are now permissible on such a motion (CPLR 3211, subd. [c]), it appears that the first cause of action seeks to recover from defendant the amount due on a readily identifiable, winning pari-mutuel ticket stolen from plaintiff, which amount was paid by defendant to a third person upon presentation and surrender of the ticket, despite due notice from plaintiff of the theft of the ticket and his claim to the winnings. In our opinion, defendant was under no duty to withhold payment on the winning ticket merely because plaintiff claimed that it had been stolen from him. Implicit in the Pari-Mutuel Revenue Law (L. 1940, ch. 254) is defendant's right to make payment on a winning ticket immediately upon its presentation and surrender, without being subjected to liability to a third person making claim thereto. In effect, plaintiff seeks to compel payment of his winnings without the winning ticket (cf. *Holberg* v. *Westchester Racing Assn.,* 184 Misc. 581, 584). We hold that the defendant is not obligated to make payment to him under such circumstances (*Aliano* v. *Westchester Racing Assn.,* 265 App. Div. 225; *Carr* v. *State of New York,* 30 Misc 2d 983, affd. 15 A D 2d 709, mot. for lv. to app. den. 11 N Y 2d 645, app. dsmd. 371 U. S. 14). Nor, in our opinion, is plaintiff's position aided by the fact that defendant refused to disclose to him the identity of the person cashing the stolen ticket. It is undisputed that the information is available to any law-enforcement agency; and it presumably is available to plaintiff if he should desire to institute an action against the individual who presented the ticket for payment (CPLR 3102, subd. [c]; cf. *Matter of Schellings & Co.* [*Klein*], 284 App. Div. 1050). Ughetta, Acting P. J., Kleinfeld, Brennan, Hill and Rabin, JJ., concur. [43 Misc 2d 53.]