*241 .Memorandum. Order unanimously reversed, with $10 costs to defendant, and complaint dismissed.
In this case, plaintiff alleged that he ordered certain ‘ ‘ Superfecta ’ ’ pari-mutuel tickets from the defendant, received what he believed to be those tickets but which in fact were not, and did not become aware of the error until after the race was over. The complaint alleged causes of action in contract and in negligence. The complaint ¡herein fails to state a cause of action, .since the key element is missing, to wit, the purchase and presentation of a winning ticket (Holberg v. Westchester Racing Assn., 184 Misc. 581 [App. Term, 1st Dept.]; Carr v. State of New York 30 Misc 2d 983, affd. 15 A D 2d 709). Our present holding is not in conflict with our own case of Mills v. Roosevelt Raceway (66 Misc 2d 251, affd. 37 A D 2d 1048), since in Mills, it was found by the jury that the plaintiff had indeed presented a winning ticket to the defendant and recovery was sustained because of defendant’s mishandling of the winning ticket.
Concur — Hogan, P. J., Glickman and McCullough, JJ.