412 So.2d 959 (1982)
Germaine VALOIS, Appellant,
v.
GULFSTREAM PARK RACING ASSOCIATION, INC., and American Totalisator Company, Inc., Appellees.
No. 81-1078.
District Court of Appeal of Florida, Fourth District.
April 21, 1982.
*960 Jonathan J. Davis of Walton, Lantaff, Schroeder & Carson, Fort Lauderdale, for appellant.
David S. Romanik of Ladefeld & Romanik, Hollywood, for appellees.
BERANEK, Judge.
Appellant seeks review of a dismissal with prejudice of her second amended complaint. We affirm.
Appellee, Gulfstream Park Racing Association, Inc., owns Gulfstream Park Racetrack, a pari-mutuel facility operating under Chapter 7E, Florida Administrative Code. The pari-mutuel machines located therein are owned, managed, maintained, and controlled by appellee, American Totalisator Company, Inc. The complaint herein alleges that appellant placed several perfecta bets for which she gave appellees either money or a previous winning ticket. Appellees, however, failed to deliver the tickets representing the bets placed by appellant. This failure was due to a malfunction in the pari-mutuel machine at the particular terminal appellant was using. Although the complaint essentially alleges a single set of facts, it seeks a recovery for breach of contract, negligence, negligent misrepresentation, and violation of a statutory duty.
There appears no Florida precedent in this area, and appellees urge that we adopt the New York view which holds there is no contractual relationship between the purchaser of a pari-mutuel ticket and the racing association. In New York the contract represented by the ticket is one between the individual bettor and the other participants in the pari-mutuel pool. See Holberg v. Westchester Racing, Ass'n., 184 Misc. 581, 53 N.Y.S.2d 490 (Sup.Ct., App.Term 1945). Under this theory, there was no contract between the parties in this case.
We note further that Rule 7E-6.07(4), Florida Administrative Code, specifically provides that "[p]ayment of winning pari-mutuel tickets shall be made only upon presentation and surrender of such tickets. No claims shall be allowed for lost or destroyed winning tickets." This is also consistent with the New York approach that there can be no valid pari-mutuel wager without a pari-mutuel ticket which is absolutely essential to the bettor's right to collect winnings from the pari-mutuel pool. See Carr v. State, 15 A.D.2d 709, 223 N.Y.S.2d 229 (3d Dep't 1962); Bastone v. Yonkers Racing Corp., 79 Misc.2d 240, 360 N.Y.S.2d 149 (Sup.Ct.App.Term 1973); Hochberg v. New York City Off-Track Betting Corp., 74 Misc.2d 471, 343 N.Y.S.2d 651 (Sup.Ct. 1973), aff'd, 352 N.Y.S.2d 423 (1st Dep't 1974); Shapiro v. Queens County Jockey Club, 184 Misc. 295, 53 N.Y.S.2d 135 (Mun.Ct. 1945). It is undisputed that appellant never had a ticket or a winning ticket. As such, appellees maintain that she had no right to demand payment. Although there is no controlling Florida case precedent, it appears the Legislature addressed the problem in a statute effective June 23, 1981. This new statute, Section 550.023, Florida Statutes (1981), provides as follows:
Limitation of civil liability.  No permittee conducting a racing meet pursuant to the provisions of this chapter; no member of the Florida Pari-mutuel Commission, division director, or employee of the division; and no steward, judge, or other person appointed to act pursuant to this chapter shall be liable to any person, *961 partnership, association, corporation, or other business entity for any cause whatsoever arising out of, or from, the performance by such permittee, commission, director, employee, steward, judge, or other person of his duties and the exercise of his discretion with respect to the implementation and enforcement of the statutes and rules governing the conduct of pari-mutuel wagering, so long as he acted in good faith; however, the provisions of s. 550.07 shall not be affected by the provisions of this section. This section shall not limit liability in any situation in which the negligent maintenance of the premises or the negligent conduct of a race contributed to an accident; nor shall it limit any contractual liability.
We believe this statute will control future suits of this sort, but we refrain from any decision regarding its direct application herein because Section 550.023, Florida Statutes (1981), was never brought to the trial court's attention, and for that matter, was not relied upon by the parties before this court.
We thus face the question of deciding this case as one of first impression for a very limited time. We construe Section 550.023, Florida Statutes (1981), as declarative of the existing public policy of this State and not as a change in the law. The statute obviously restricts and limits civil liability in this situation, and based upon the previously cited New York authorities and the public policy as contained in Section 550.023, we conclude the trial court correctly dismissed the complaint.
AFFIRMED.
LETTS, C.J., and DOWNEY, J., concur.