JOHN SEDER, Plaintiff-Appellant, v. ARLINGTON PARK RACE TRACK CORPORATION *et al.*, Defendants-Appellees.

First District (1st Division)   No. 84—1557

Opinion filed June 24, 1985.

Peter D. Kasdin, Philip J. Nathanson, and Shepard Gould, all of Kasdin & Nathanson, of Chicago, for appellant.

Sidley & Austin, of Chicago (Theodore James Theophilos, Barbara M. DeCoster, and Amy K. Dixon, of counsel), for appellees.

JUSTICE BUCKLEY delivered the opinion of the court:

Plaintiff John Seder appeals the dismissal of his action to recover damages for defendants' alleged failure to properly register and place his bet selection at defendants' race track. For the following reasons, we affirm.

Defendants own and operate Arlington Park Race Track, a pari-mutuel facility located in Arlington Heights. Plaintiff's complaint alleges that on September 22, 1982, plaintiff paid his admission fee and spent the day at defendants' race track. While at the track, plaintiff received a program setting forth certain instructions for placing a bet and describing each of the various types of bets. The program described a "sweep six" bet as follows: "You win when you pick the winners of six consecutive races, two through seven." Plaintiff alleges that prior to the second race, he presented his selections for the sweep six wager at one of the track's windows, but that defendants refused to place and register his bet. Plaintiff alleges that he correctly selected the winning horses in races two through seven, and that had defendants accepted his wager he would have won the wager pool of $154,000. The complaint seeks recovery on theories of breach of warranty (count I), negligent misrepresentation (count II), negligence (count III) and breach of contract (count IV). The trial court granted defendants' motion to strike and dismiss counts I, II and III and allowed plaintiff to amend count IV. The court later granted defendants' motion to strike and dismiss amended count IV. Plaintiff appeals the dismissal of all counts but the warranty count.

Plaintiff's complaint presents a case of first impression in Illinois. Defendants, however, urge that we adopt the view espoused by the other two jurisdictions which have considered issues similar to the one at hand. These jurisdictions, New York and Florida, hold that absent the presentation of a winning pari-mutuel ticket, a bettor is precluded from asserting a claim sounding in both tort and contract in connection with pari-mutuel wagering. *Quarcini v. Sabatino* (1982), 116 Misc. 2d 240, 455 N.Y.S.2d 315; *Valois v. Gulfstream Park Racing Association* (Fla. App. 1982), 412 So. 2d 959; *Bastone v. Yonkers Racing Corp.* (1973), 79 Misc. 2d 240, 360 N.Y.S.2d 149; *Hochberg v. New York City Off-Track Betting Corp.* (1973), 74 Misc. 2d 471, 343

N.Y.S.2d 651, *aff'd* (1974), 43 App. Div. 2d 910, 352 N.Y.S.2d 423; *Mills v. Roosevelt Raceway, Inc.* (1969), 59 Misc. 2d 938, 300 N.Y.S.2d 995; *Epps v. Yonkers Raceway, Inc.* (1964), 21 App. Div. 2d 798, 250 N.Y.S.2d 751; *Carr v. State* (1961), 30 Misc. 2d 983, 221 N.Y.S.2d 636, *aff'd* (1962), 15 App. Div. 2d 709, 223 N.Y.S.2d 229, *appeal dismissed* (1962), 371 U.S. 14, 9 L. Ed. 2d 49, 83 S. Ct. 44; *Holberg v. Westchester Racing Association* (1945), 184 Misc. 581, 53 N.Y.S.2d 490.

For example, in *Valois v. Gulfstream Park Racing Association* (Fla. App. 1982), 412 So. 2d 959, plaintiff alleged she attempted to place certain bets at the defendant's race track, but due to a malfunction in the pari-mutuel machine she was unable to complete the wagers. Plaintiff alleged that had she been able to complete her wager, she would have been given the winning pari-mutuel ticket which would have entitled her to a large sum of money. She sought relief for breach of contract, negligence, negligent misrepresentation and violation of a statutory duty. The reviewing court, in affirming the trial court's dismissal of the complaint, followed the New York approach and observed:

> "[T]here can be no valid pari-mutuel wager without a pari-mutuel ticket which is absolutely essential to the bettor's right to collect winnings from the pari-mutuel pool." 412 So. 2d 959, 960.

In *Hochberg v. New York City Off-Track Betting Corp.* (1973), 74 Misc. 2d 471, 343 N.Y.S.2d 651, *aff'd* (1974), 43 App. Div. 2d 910, 352 N.Y.S.2d 423, plaintiff alleged that the defendant breached its contract and was otherwise negligent in failing to accept a certain superfecta wager with the horse selection that plaintiff had made. The plaintiff in *Hochberg* alleged that had he been allowed to place a wager with the horse selection of his choice, he would have won the superfecta wager pool. The court rejected the plaintiff's claims, reasoning that "[s]ince plaintiff does not possess a winning ticket, he cannot recover payment of a winning share [of the wager pool]." 74 Misc. 2d 471, 474, 343 N.Y.S.2d 651, 655.

In *Holberg v. Westchester Racing Association* (1945), 184 Misc. 581, 53 N.Y.S.2d 490, the reviewing court reversed a judgment against the defendant's race track. The plaintiff's complaint, initially for breach of contract, included an amendment attempting to set forth a cause of action for negligence. The court, in summarizing the allegations of the amended complaint, stated:

> "Accepting plaintiff's story he handed the agent in window 181 two $50 bills and requested two tickets on No. 3 but the seller

punched out two tickets on No. 4 which, over strenuous objection, plaintiff finally took after protest and waited for the winner of the race, making claim when No. 4 did not win and No. 3 did win." (184 Misc. 581, 583, 53 N.Y.S.2d 490, 492.)

In addressing the multiple theories advanced by the plaintiff, the court emphasized the fact that the plaintiff was attempting to collect upon winnings from the racing of horses:

"Although the action was brought for damages for breach of contract and the complaint was amended upon the trial to allege an additional cause of action for damages for negligence, it seems clear *that actually the winnings of a horse race are sought.* No doubt plaintiff-respondent adopted the forms of action pursued for the purpose of evading the limitations imposed by law on actions involving wagers and gambling." (Emphasis added.) (184 Misc. 581, 584, 53 N.Y.S.2d 490, 494.)

The court reversed the judgment entered in favor of the plaintiff and, dismissed the complaint, reasoning as follows:

"There can be no valid pari-mutuel bet or wager independent of a pari-mutuel ticket. The ticket not only is essential but is the contract itself." 184 Misc. 581, 583, 53 N.Y.S.2d 490, 492-93.

■ The courts in each of the above cases discussed statutes and regulations similar to those in effect in this State. Horse racing in Illinois is authorized and regulated pursuant to the Illinois Horse Racing Act of 1975 (the Act). (Ill. Rev. Stat. 1983, ch. 8, par. 37—1 *et seq.*) The Act specifically provides that the only legislatively authorized way for a patron at a race track to recover money based upon the outcome of a horse race is through the pari-mutuel or certificate system. (Ill. Rev. Stat. 1983, ch. 8, par. 37—26.) Any wagering contract on horse races, other than those made in the manner prescribed by the Act, is therefore invalid and illegal. (See Ill. Rev. Stat. 1983, ch. 38, par. 28—1.) The Act also establishes a board to supervise the pari-mutuel system and to prescribe rules, regulations and conditions governing the conduct of the races. Under the rules and regulations adopted by the board, it is clear that in order to receive any funds from the sweep six wagering pool, a patron must hold a pari-mutuel ticket which correctly designates the winner of the six races. See Illinois Racing Board Rules B5.14, B17.3.

■ In the present case, plaintiff has failed to even allege that he held a winning pari-mutuel ticket for the sweep six wagering pool on the date in question. Accordingly, under the authorities and rules cited above, we conclude that plaintiff's complaint was insufficient as a

516

matter of law and was correctly dismissed.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

CAMPBELL and O'CONNOR, JJ., concur.