480 So.2d 408 (1985)
Lynn BOURGEOIS
v.
FAIRGROUND CORPORATION and American Totalisator.
No. CA-3533.
Court of Appeal of Louisiana, Fourth Circuit.
December 11, 1985.
*409 John A.E. Davidson, Gilbert F. Ganucheau, Jr., Metairie, for plaintiff-appellee.
H. Sloan McCloskey, Robert E. Tarcza, Baldwin & Haspel, Louis J. Roussel, III, New Orleans, for defendants-appellants.
Before BARRY, BYRNES and CIACCIO, JJ.
BARRY, Judge.
Lynn Bourgeois appeals a summary judgment which denied his right to collect a racehorse bet due to a faulty tote machine. No other case has presented this question.
Bourgeois attempted to buy a $20 exacta ticket and the tote machine jammed. The clerk told him to go to another window, but the race started before he could place a bet. The numbers he selected finished in the proper order and paid $13,840.80. Bourgeois sued the Fair Grounds and American Totalisator in contract and tort.
The pari-mutuel clerk, John Cronin, said Bourgeois put his money on the counter and the bet was entered into the tote machine. The ticket came out partially printed with a proper bar code. The machine jammed and a "call tote man" signal lit up. Cronin called for a technician and William Dietz tried to repair the malfunction. The machine could not be fixed so Dietz cancelled the ticket. Bourgeois' money was never accepted.
Cronin stated that despite regular maintenance the tote machines jam about seven to nine times a day. Sometimes no ticket comes out, it is not printed, or only the bar code prints. In every instance the routine practice is to cancel the attempted bet because there is no ticket to evidence a winner.
Bourgeois claims when his bet was punched into the machine there was a contract and the Fair Grounds cannot unilaterally cancel the agreement. He also argues there was negligence due to the equipment failure and the cancellation of the ticket by an unauthorized employee.
Racehorse bets go into a pari-mutuel pool and the track merely acts as a statutorily created agency for taking, holding and distributing the pool. Holberg v. Westchester Racing Commission, 184 Misc. 581, 53 N.Y.S.2d 490 (Sup.Ct.App.Term 1st Dept. 1945).
The track's only obligation is to distribute the pool to the winning ticket holders. Shapiro v. Queens County Jockey Club, 184 Misc. 295, 53 N.Y.S.2d 135 (Mun.Ct.1945). The right of a bettor to a winning share results not from buying a ticket but solely from having a ticket which evidences the winning bet. Hochberg v. New York City Off-Track Betting Corporation, 74 Misc.2d 471, 343 N.Y.S.2d 651 (Sup.Ct.1973), aff'd 43 A.D.2d 910, 352 N.Y. S.2d 423 (A.D. 1st Dept. 1974); Oregon Racing Commission v. Multnomah Kennel Club, 242 Or. 572, 411 P.2d 63 (1966); Carr v. State, 15 A.D.2d 709, 223 N.Y.S.2d 229 (A.D. 3rd Dept.1962), appeal denied 11 N.Y.2d 645, 229 N.Y.S.2d 1025, 183 N.E.2d 329 (1962), appeal dismissed, 371 U.S. 14, 83 S.Ct. 44, 9 L.Ed.2d 49 (1962); Mattson v. Hollywood Turf Club, 101 Cal.App.2d 215, 225 P.2d 276 (1950).
The Fair Grounds acts as a stakeholder for all wagers and has no interest in the outcome of a race. The track receives a percentage of the bets, hence, its objective is to collect as many as possible. Unfortunately for Bourgeois and the track, the bet was not consummated. Bourgeois' argument as to a contract has no merit.
Without a winning ticket Bourgeois has no right to demand payment. Valois v. Gulfstream Park Racing Association, 412 So.2d 959 (Fla. 4th Dist.Ct. of App.1982). American Totalisator, owner of the machine, owed no duty to Bourgeois *410 and there is no showing that it was negligent.
The facts are basically undisputed and there is no genuine issue as to a material fact. La.C.C.P. Art. 966; Thompson v. South Central Bell Telephone Company, 411 So.2d 26 (La. 1982). Defendants are entitled to summary judgment as a matter of law.
The judgment is affirmed.
AFFIRMED.