DePasquale *v.* Ogden Suffolk Downs, Inc.

PHILIP DEPASQUALE *vs.* OGDEN SUFFOLK DOWNS, INC.

No. 89-P-432.

Suffolk. September 17, 1990. - December 31, 1990.

Present: WARNER, C.J., FINE, & PORADA, JJ.

*Practice, Civil*, Summary judgment. *Racing. Pari Mutuel Wagering. Contract*, Wagering. *Actionable Tort. Consumer Protection Act*, Horse racing, Availability of remedy, Unfair act or practice.

In an action by a participant in a so-called "Twin Trifecta" (a form of pari mutuel wagering) at a racetrack operated by the defendant, seeking recovery of damages for the defendant's failure to place a bet due to a faulty ticket machine, the plaintiff failed to state a claim in contract absent his presentation and surrender of a winning ticket. [660-661]

In an action by a participant in a so-called "Twin Trifecta" (a form of pari mutuel wagering) at a racetrack operated by the defendant, seeking recovery of damages for the defendant's failure to place a bet due to a faulty ticket machine, claims by the plaintiff alleging negligence and tortious interference with contractual and advantageous relationships were without merit. [661]

In an action by a participant in a so-called "Twin Trifecta" (a form of pari mutuel wagering) at a racetrack operated by the defendant, seeking recovery of damages for the defendant's failure to place a bet due to a faulty ticket machine, the plaintiff, to the extent he sought to recover winnings based on a wager absent the possession of a ticket, failed to state a claim under G. L. c. 93A; however, to the extent he sought to recover from the defendant for an act or practice not regulated or permitted by the statutory scheme established under G. L. c. 128A, the circumstances presented factual issues to be resolved at trial. [661-664]

CIVIL ACTION commenced in the Superior Court Department on April 10, 1987.

The case was heard by *John Paul Sullivan*, J., on a motion for summary judgment.

*Thomas E. Beatrice* for the plaintiff.
*Alan R. Hoffman* for the defendant.

PORADA, J. The plaintiff bettor seeks recovery of damages for breach of contract, negligence, violation of G. L. c. 93A, and tortious interference with contractual and advantageous relationships against the defendant racetrack for failure to place a bet due to a faulty ticket machine. A Superior Court judge granted summary judgment in favor of the defendant racetrack, and the bettor appealed. We affirm the judgment on the contract and tort claims but reverse on the claim for a violation of G. L. c. 93A.[1]

We summarize those facts which are undisputed. The plaintiff was a paid admittee to the Suffolk Downs Race Track which is operated by the defendant. He elected to participate in the "Twin Trifecta," a form of pari mutuel wagering in which the bettor selects the three horses that will finish first, second, and third in each of two designated races (in this case the eighth and tenth races). The plaintiff purchased five winning Twin Trifecta tickets in the eighth race. As a result, he was entitled to exchange his winning tickets for both the monetary value established by the mutuels department and Twin Trifecta tickets for the tenth race. He did so. However, before the tenth race was run, a public announcement was made that the number two horse, which was chosen on all of his tickets, had been scratched. The plaintiff returned to a Twin Trifecta window to exchange his tickets. He surrendered all five tickets to the clerk, who cancelled the tickets and then asked the plaintiff for his bets. When the plaintiff gave the clerk his combination for the second ticket, which he alleges to have been the winning combination of horses, the ticket got stuck in the ticket-issuing machine when the machine jammed. The machine could not be repaired. The clerk refused the plaintiff's demand for the return of his four remaining cancelled tickets. The tenth race was run. The Twin Trifecta pool was $145,667, and there

---

[1]The plaintiff in an amended complaint named two additional defendants, John Werner, Jr., and Robert O'Malley. As the motion for summary judgment was only filed on behalf of the defendant racetrack, the other defendants are not parties to this appeal. Final judgment in favor of the defendant racetrack was entered pursuant to Mass.R.Civ.P. 54(b), 365 Mass. 821 (1974).

were no winners. Once a ticket is cancelled on a ticket-issuing machine, no other machine can be utilized to issue a new ticket.

The defendant's motion to dismiss the plaintiff's complaint for failure to state a claim was denied. The defendant then filed a motion for summary judgment, which was allowed by a Superior Court judge on the erroneous ground that the plaintiff had been allowed to place all four remaining bets by hand and none of his bets contained the winning combination; these facts were in dispute. We are not precluded, however, from considering any ground which would support his judgment. See *Champagne v. Commissioner of Correction*, 395 Mass. 382, 386 (1985); *Dexter's Hearthside Restaurant, Inc. v. Whitehall Co.*, 24 Mass. App. Ct. 217, 222 (1987).

This case presents the novel issue whether a bettor can recover the payment of a bet absent the presentation and surrender of a winning ticket. We hold he cannot.[2] Horse racing in Massachusetts is authorized and regulated by a comprehensive statutory scheme set forth in G. L. c. 128A, inserted by St. 1934, c. 374, § 3. Under its provisions, the right of a patron to recover a winning wager is dependent upon the "acknowledged and recognized rules and method under which such pari-mutuel or certificate system [of wagering is] operated." G. L. c. 128A, § 5, as appearing in St. 1971, c. 718, § 1. The power to prescribe rules, regulations, and conditions is granted to the State Racing Commission (racing commission). G. L. c. 128A, § 9. The general rules promulgated by the racing commission for horse racing clearly provide that a person must hold a ticket to recover payment for a wager. 205 Code Mass. Regs. § 6.01(3)

---

[2]Our decision is in accord with the decisions of other jurisdictions. See *Valois v. Gulfstream Park Racing Assn.*, 412 So.2d 959, 960 (Fla. Dist. Ct. App. 1982); *Seder v. Arlington Park Race Track Corp.*, 134 Ill. App. 3d 512 (1985); *Bourgeois v. Fairground Corp.*, 480 So. 2d 408, 409 (La. Ct. App. 1985); *Karafa v. New Jersey State Lottery Commn.*, 129 N.J. Super. 499 (1974) (State lottery); *Carr v. New York*, 15 A.D.2d 709 (1962); *Hochberg v. New York City Off-Track Betting Corp.*, 74 Misc. 2d 471, 474 (N.Y. Sup. Ct. 1973), aff'd, 43 A.D.2d 910 (1974); *Oregon Racing Commn. v. Multnomah Kennel Club*, 242 Or. 572, 584 (1966).

(1983).[3] Under the special rules for Twin Trifecta races, only a person to whom a winning ticket has been "issued" can participate in the distribution of the Twin Trifecta pool. 205 Code Mass. Regs. § 6.11(26) & (27) (1983).[4] Further, under these rules, a speedy determination of the winners of the second half of the Twin Trifecta pool is essential to determine how that pool is to be distributed, for if there are no winners the pool is added to the next consecutive racing day's second Twin Trifecta pool. 205 Code Mass. Regs. § 6.11(26) (1983) (see note 4, *supra*). When a person places a bet, he is presumed to know the rules, and his bet is subject to those rules. See *Ruggiero v. State Lottery Commn.*, 21 Mass. App. Ct. 686, 689 (1986). The rules are part of the bettor's contract. *Ibid.* See 205 Code Mass. Regs. § 6.11(1) (1983). Consequently, the plaintiff's claim in contract must fail.

The plaintiff's claims in tort are also without merit. He has not set forth in his complaint or affidavit any set of facts which would warrant recovery in negligence against the racetrack. His claims for tortious interference with contractual and advantageous relationships cannot succeed because the defendant racetrack cannot be liable for tortious interference with its own relationship with the plaintiff. *Riseman v. Orion Research Inc.*, 394 Mass. 311, 314 (1985).

The plaintiff's complaint also contains a count for violation of G. L. c. 93A. The defendant contends that G. L. c. 93A does not apply to horse racing, because horse racing is per-

[3]This rule provides: "Claims will be paid upon presentation of a winning ticket and no claims will be considered, or payment made, upon tickets thrown away, lost, changed or destroyed."

[4]Section 6.11 of 205 Code Mass. Regs. (1983) provides in pertinent part: "(26) In the event there is no Twin Trifecta ticket *issued* accurately selecting the officially declared first three finishers of the second Twin Trifecta race, in the exact order, such second race pool, as divided earlier, shall be held for the next consecutive racing day or night and combined with that program's second race Twin Trifecta pool. . . .

"(27) If for any reason, the second half of the Twin Trifecta is not declared official, the winning ticket holders who have cashed their tickets of the first half and have received an exchange ticket, will be entitled to the remaining amounts of the current programs divided pool. . . ." (Emphasis supplied.)

mitted to exist as a creature of statute, unlike other regulated commercial activity, and is the subject of a comprehensive regulatory scheme established pursuant to G. L. c. 128A. General Laws c. 93A, § 2(*a*), as inserted by St. 1967, c. 813, § 1, prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce." Racetracks are private proprietary corporations engaged in trade and commerce. See *Catrone* v. *State Racing Commn.*, 17 Mass. App. Ct. 484, 487-488 (1984). The mere existence of a regulatory statute does not affect the applicability of a broader nonconflicting statute such as G. L. c. 93A. *Dodd* v. *Commercial Union Ins. Co.*, 373 Mass. 72, 78 (1977) (insurance). *Schubach* v. *Household Fin. Corp.*, 375 Mass. 133, 135, 137 (1978) (collection actions on consumer loans). *Lowell Gas Co.* v. *Attorney Gen.*, 377 Mass. 37, 42 (1979) (public utilities). *Raymer* v. *Bay State Natl. Bank*, 384 Mass. 310, 319 (1981) (banks). *Quincy Cablesystems, Inc.* v. *Sully's Bar, Inc.*, 684 F. Supp. 1138, 1141 (D. Mass. 1988) (cable television). We perceive nothing in G. L. c. 128A and the regulations promulgated thereunder which excludes from the application of G. L. c. 93A unfair or deceptive acts or practices in the horse racing industry. General Laws c. 128A was in existence at the time of the enactment of G. L. c. 93A, but the Legislature did not see fit to amend § 13A of G. L. c. 128A to include G. L. c. 93A in the list of those statutes that do not apply to licensed racetracks, even when that section was amended some nine years after the enactment of G. L. c. 93A. See G. L. c. 128A, § 13A, as appearing in St. 1976, c. 217, § 3. While G. L. c. 128A recognizes a private cause of action to recover winnings on a wager and prescribes time limits for bringing such an action (G. L. c. 128A, § 5A, inserted by St. 1946, c. 445, § 1; see *Finlay* v. *Eastern Racing Assn.*, 308 Mass. 20, 24 [1941]), it does not impose a limitation on any other type of action that can be brought against a racetrack.

However, G. L. c. 93A, § 3, as appearing in St. 1983, c. 242, provides: "Nothing in this chapter shall apply to transactions or actions otherwise permitted under laws as ad-

ministered by any regulatory board or officer acting under statutory authority of the commonwealth or of the United States." Clearly, the manner, method, and means for payment of wagers to ticketholders are governed by G. L. c. 128A and the regulations promulgated thereunder by the racing commission. 205 Code Mass. Regs. §§ 6.00 et seq. Consequently, claims based on the right to recover winnings on a wager are governed exclusively by the regulatory scheme of G. L. c. 128A and not by G. L. c. 93A. To the extent that the plaintiff seeks to recover winnings based on a wager absent the possession of a ticket, he has no cause of action under G. L. c. 93A.

However, to the extent that the plaintiff seeks to recover from the defendant for an unfair or deceptive act or practice not regulated or permitted by the statutory scheme established under G. L. c. 128A, we see no reason why the plaintiff should be precluded from doing so. Here, the plaintiff claims the defendant committed a violation of G. L. c. 93A by demanding the surrender of all his winning tickets before new tickets would issue, by failing to return his cancelled tickets to him, and by failing to disclose to him that once a ticket-issuing machine had cancelled a ticket, another machine could not be used to issue a new ticket in exchange for the cancelled ticket. There has been no showing by the defendant that this conduct is regulated or permitted by the statutory scheme established by G. L. c. 128A and the regulations promulgated thereunder. See *York* v. *Sullivan,* 369 Mass. 157, 161 (1975). Whether this conduct rises to the level of an unfair or deceptive act or practice and whether the plaintiff sustained any loss because of it, particularly in light of the disputed facts as to whether the plaintiff's bets were placed by hand and whether he did have a winning combination, present factual issues to be resolved at a trial. If successful, unless the plaintiff can prove an actual loss or harm in excess of statutory damages, his recovery would be limited to statutory damages of twenty-five dollars plus reasonable attorney's fees related to the collection of the same. G. L. c. 93A, § 9. See *Leardi* v. *Brown,* 394 Mass. 151, 157-

162 (1985). For the reasons stated in this opinion, the plaintiff may not recover the winnings of the Twin-Trifecta.

We reverse so much of the judgment which dismisses the count for violation of G. L. c. 93A and affirm so much of the judgment that dismisses the counts in contract and tort.

*So ordered.*